OPINION
{¶ 1} Defendant-Appellant, Ricky Caplinger, appeals a judgment of the Logan County Court of Common Pleas, sentencing him upon his conviction for sexual battery and classifying him a sexual predator. On appeal, Caplinger asserts that the trial court erred in admitting the forensic evaluation report prepared by Scott Kidd and that the trial court erred in classifying him a sexual predator. Finding that the trial court did not err in admitting the forensic evaluation of Kidd and that the trial court did not abuse its discretion in classifying Caplinger a sexual predator, the judgment of the trial court is affirmed.
 {¶ 2} In June of 2005, Caplinger was indicted for one count of rape by force in violation of R.C. 2907.02(A)(2), a felony of the first degree, and one count of kidnapping with sexual motivation in violation of R.C. 2905.01(A)(4), a felony of the first degree. The June 2005 indictment was based upon an attack of a twenty-six year old female neighbor of Caplinger. According to the victim, Caplinger locked her in his house, bound her with duct-tape and forcibly raped her.
 {¶ 3} In October of 2005, count one of the indictment was amended to sexual battery in violation of R.C. 2907.03(A)(1), a felony of the third degree. At that time, Caplinger plead guilty to count one of the amended indictment, and the State dismissed count two of the original indictment.
 {¶ 4} In December of 2005, the trial court held a hearing to determine whether Caplinger should be classified as a sexual predator and to impose sentence. At the hearing, Caplinger objected to the introduction of the forensic evaluation report by Kidd. Specifically, Caplinger argued that the report contained hearsay, including uncharged allegations of sexual abuse. Following Caplinger's objection, the trial court stated the following:
I'm going to admit the report for limited purposes. The Courtwill take into consideration the argument of defense discountingsome of the factors that they relied upon, but several things —there are a lot of things in that report. Even if you discountedthe — the uncharged allegations and the test, the Static-99 test,there's still a lot of things in there that the courts havetraditionally relied upon. The Court's going to admit the reportfrom that other information.
 {¶ 5} Following the hearing, the trial court sentenced Caplinger upon his conviction. Additionally, considering the arguments presented at the hearing as well as the presentence investigation report and the forensic evaluation report of Kidd, the trial court found by clear and convincing evidence that Caplinger was a sexual predator. Specifically, the trial court found that the present offense was a sexually-oriented offense and that Caplinger was likely to reoffend in the future.
 {¶ 6} It is from this judgment Caplinger appeals, presenting the following assignments of error for our review.
 Assignment of Error No. I THE TRIAL COURT ERRED WHEN IT ADMITTED THE REPORT OF SCOTT T.KIDD, PSY. D. [Tr. 5]
 Assignment of Error No. II THE TRIAL COURT ERRED WHEN IT CLASSIFIED MR. CAPLINGER AS ASEXUAL PREDATOR. [Tr. 15]
 Assignment of Error No. I {¶ 7} In the first assignment of error, Caplinger asserts that the trial court erred in admitting the forensic report of Kidd. Specifically, Caplinger asserts that Kidd's evaluation is based upon inadmissible hearsay.
 {¶ 8} A trial court has broad discretion to admit or exclude evidence and absent a clear abuse of discretion, a reviewing court will not disturb the trial court's decision. State v.Combs (1991), 62 Ohio St.3d 278, 284. A trial court does not abuse its discretion unless it acts arbitrarily, unreasonably, or unconscionably. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 9} Because the objective of a sexual offender classification hearing is to determine the offender's status, not guilt or innocence, such hearings are broadly considered analogous to a sentencing or probation hearing. State v. Cook,83 Ohio St.3d 404, 425, 1998-Ohio-291. Consequently, the Ohio Supreme Court has held that, pursuant to Evid.R. 101(C), "the Ohio Rules of Evidence do not strictly apply to sexual predator determination hearings." Id. Thus, at a sexual offender classification hearing, the trial court is authorized to entertain items of evidence that would otherwise be barred as inadmissible, such as reliable hearsay. Id.; State v. Lee
(1998), 128 Ohio App.3d 710, 719. Hearsay is considered reliable when it bears "sufficient indicia of reliability to support its probable accuracy," or when there is "a reasonable probability that it is true." Id.
 {¶ 10} In the case sub judice, Caplinger asserts Kidd's forensic report was based upon voluminous documentation, which he argues would not have been admissible had the rules of evidence applied. As noted above, the rules of evidence do not strictly apply at a sexual offender classification hearing. Furthermore, the trial court noted during the classification hearing that it would only admit the forensic evaluation report for limited purposes.
 {¶ 11} Upon review of the record, we cannot find that the trial court abused its discretion in admitting the forensic report. First, we cannot find that the trial court's decision to admit the report for limited purposes was arbitrary, unreasonable, or unconscionable. Second, upon review of the report we find that the information contained in the report is very similar to the information contained in the PSI, to which Caplinger has not objected. As such, we find that any question as to the admissibility of this report would be harmless. Thus, the first assignment of error is overruled.
 Assignment of Error No. II {¶ 12} In the second assignment of error, Caplinger asserts that the trial court erred in classifying him a sexual predator.
 {¶ 13} A "sexual predator" is defined by the Ohio Revised Code as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented crimes." R.C.2950.01(E). Caplinger concedes that the crime of sexual battery is included in the definition of "sexually oriented offenses."
 {¶ 14} In determining whether a defendant is a sexual predator, the trial court must consider a non-exclusive list of ten factors. R.C. 2950.09(B)(3). Trial courts are given wide discretion in deciding how much weight, if any, they give to each of the factors. State v. Thompson (2001), 92 Ohio St.3d 584, para. one of the syllabus; State v. Wayne, (Mar. 14, 2002), 3rd Dist. No. 11-01-08, unreported. "Rigid rules generally have no place in this determination, as courts should apply the enumerated factors and consider the relevance, application, and persuasiveness of individual circumstances on a case-by-case basis." State v. Mckinniss, 153 Ohio App.3d 654,2003-Ohio-4239, at ¶ 7, quoting State v. Robertson,147 Ohio App.3d 94, 2002-Ohio-494, at ¶ 20; see, also, State v. Dennis
(Sept. 7, 2000), 3rd Dist. No. 8-2000-08, unreported; Statev. Dewitt (Nov. 15, 2000), 3rd Dist. No. 142-000-21, unreported.
 {¶ 15} After considering at all of the evidence and applying the statutory factors of R.C. 2950.09(B)(3), the court must make a determination of whether the sexual predator classification is supported by clear and convincing evidence. R.C. 2950.09(B)(4);State v. Eppinger (2001), 91 Ohio St.3d 158, 163. Clear and convincing evidence is an intermediate degree of proof, it requires more than a mere preponderance of the evidence, but it is less demanding than a finding beyond a reasonable doubt.State v. Schiebel (1990), 55 Ohio St.3d 71, 74, citing Crossv. Ledford (1954), 161 Ohio St. 469, 477. A reviewing appellate court must examine the entire record to determine whether the manifest weight of the evidence satisfies the clear and convincing standard. Schiebel, 55 Ohio St.3d at 74.
 {¶ 16} The question of whether manifest weight claims in sexual predator cases should be addressed under the civil standard set forth in C.E. Morris Co. v. Foley Construction Co.
(1978), 54 Ohio St.2d 279, syllabus, or the criminal standard enumerated in State v. Thompkins (1997), 78 Ohio St.3d 380,387, has become an issue that has not been uniformly resolved among Ohio's appellate districts. State v. Robertson,147 Ohio App.3d 94, 2002-Ohio-494, at ¶ 44. However, even the more stringent criminal standard requires a finding that "the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the proceeding must be reversed" to overturn such a determination. Thompkins, 78 Ohio St.3d at 387.
 {¶ 17} In the case sub judice, Caplinger asserts that the trial court erred when it concluded that he meets the criteria to be classified a sexual predator. Specifically, Caplinger argues that State's evidence fails to satisfy the requirement that the trial court find, by clear and convincing evidence, that he is likely to reoffend.
 {¶ 18} As noted above, the trial court stated that it relied upon the arguments presented at the hearing as well as the PSI and the forensic evaluation report of Kidd in making its sexual predator determination. Additionally, the trial court addressed each of the factors set forth in R.C. 2950.09(B)(3). Specifically, the trial court noted that, in weighing the factors, Caplinger's age, the victim's age, there only being one victim, the fact that Caplinger did not use drugs or alcohol to impair the victim and Caplinger having no mental illness or disability would not affect Caplinger's risk of reoffendeing. Furthermore, the trial court noted that the span of time between Caplinger's prior offense of gross sexual imposition in 2002 and the current offense do not constitute a pattern, which would affect his risk of reoffending.
 {¶ 19} However, the trial court went on to find that Caplinger's criminal record was fairly extensive, including a prior sexual oriented offense, and that Caplinger had completed prior sentences. According to the trial court both these factors indicated a lack of cooperation with supervision, which may increase his likelihood to reoffend. Additionally, the trial court noted that the cruelty factor was applicable in the current case. Finally, the trial court found that the PSI report noted Caplinger had a history of alcohol and substance abuse, which would increase his risk of reoffending. After weighing these factors, the trial court found by clear and convincing evidence that Caplinger was likely to reoffend.
 {¶ 20} Upon review of the evidence, we cannot find that "the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the proceeding must be reversed."Thompkins, 78 Ohio St.3d at 387. The trial court clearly weighed the factors it was required to consider and made its determination in light of its findings. Furthermore, the trial court's findings are supported by the record. Accordingly, Caplinger's second assignment of error is overruled.
 {¶ 21} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 Shaw and Cupp, J.J., concur.