THE STATE OF OHIO, APPELLEE, v. WILSON, APPELLANT.

[Cite as *State v. Wilson,* 113 Ohio St.3d 382, 2007-Ohio-2202.]

(No. 2005–2186—Submitted November 29, 2006—Decided May 23, 2007.)

LUNDBERG STRATTON, J.

## I. Introduction

{¶ 1} In this case, the court of appeals held that the trial court's determination that the defendant is not a sexual predator was against the manifest weight of the evidence. We find that the court of appeals erred because it did not apply the civil manifest-weight-of-the-evidence standard of review. Accordingly, we reverse.

## II. Facts

{¶ 2} Appellant, Ralph Wilson, has a criminal history that goes back to 1966, when he was convicted, at the age of 17, of possession of a weapon. He was sentenced to three years' probation and fined $50.

{¶ 3} In July 1974, a jury convicted Wilson of attempted felonious assault. The court suspended Wilson's prison sentence and imposed three years of probation.

{¶ 4} Between March 31, 1976, and January 5, 1977, Wilson raped four women. On July 5, 1977, Wilson was convicted of the March rape. The court sentenced Wilson to seven to 25 years in prison. Subsequently, he pleaded guilty to the three other rape charges. The court imposed a seven-to-25-year sentence for each, to be served concurrently with his sentence in the first rape case.

{¶ 5} In 1987, the state paroled Wilson. In 1988, the state charged Wilson with driving under the influence, and he spent three days in jail. In 1990, the state incarcerated Wilson for a parole violation and he was released in 1991. After his release, Wilson got married.

{¶ 6} In early 1992, Wilson pleaded guilty to grand theft and breaking and entering. Wilson was incarcerated until 2001.

{¶ 7} On August 11, 1999, appellee, the state of Ohio, filed a motion requesting the trial court to find that Wilson is a sexual predator under R.C. Chapter 2950. After numerous court proceedings that are not material to our decision, the trial court commenced a sex-offender-classification hearing on March 11, 2004. The hearing took place over four days. On July 21, 2004, the trial court found that Wilson is not a sexual predator, but because Wilson had been convicted of a sexually oriented offense as defined in R.C. 2950.01(D), he was automatically classified as a sexually oriented offender. See *State v. Hayden*, 96 Ohio St.3d 211, 2002-Ohio-4169, 773 N.E.2d 502, ¶ 18. Wilson has been free since 2001, and he is still married.

{¶ 8} The court of appeals held that the trial court's determination that Wilson is not a sexual predator was against the manifest weight of the evidence. The court of appeals held that the evidence proved that Wilson is a habitual sex offender and a sexual predator.

{¶ 9} This cause is now before this court pursuant to our acceptance of Wilson's discretionary appeal.

{¶ 10} Wilson does not challenge the court of appeals' determination that he is a habitual sex offender. However, he does challenge the court of appeals' determination that he is a sexual predator. Wilson alleges that the court of appeals erred by not applying the "clearly erroneous" standard of review.

{¶ 11} In order to put in the proper context our analysis as to whether the court of appeals applied the proper standard of review, we first review R.C. Chapter 2950 as it was in August 1999, when Wilson was incarcerated and the state filed its motion to have Wilson classified as a sexual predator.

### III. R.C. Chapter 2950

#### A. Classifications and Purpose

{¶ 12} In August 1999, Ohio defined three categories of sexual offenders. They were, starting with the category containing those offenders who are least likely to reoffend, (1) sexually oriented offenders, (2) habitual sex offenders, and (3) sexual predators. Former R.C. 2950.01(B), (D), and (E), Am.Sub.H.B. No. 565, 147 Ohio Laws, Part II, 4493, 4521; *State v. Williams* (2000), 88 Ohio St.3d 513, 518, 728 N.E.2d 342.

{¶ 13} A "sexually oriented offender" is a person "who has committed a 'sexually oriented offense' as defined in R.C. 2950.01(D), and does not meet the definition of either a habitual sex offender or sexual predator." *Williams* at 519, 728 N.E.2d 342.

{¶ 14} A "habitual sex offender" is a person who has been convicted of or pleaded guilty to a sexually oriented offense and who previously has been

convicted of or pleaded guilty to one or more sexually oriented offenses. R.C. 2950.01(B); *Williams* at 518, 728 N.E.2d 342.

{¶ 15} Finally, a "sexual predator" is a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses. R.C. 2950.01(E); *Williams* at 518–519, 728 N.E.2d 342.

{¶ 16} If a defendant has been convicted of a sexually oriented offense and the trial court determines that the offender is not a habitual sex offender or a sexual predator, then the designation of "sexually oriented offender" attaches as a matter of law. *State v. Hayden*, 96 Ohio St.3d 211, 2002-Ohio-4169, 773 N.E.2d 502, ¶ 18.

{¶ 17} An offender in any of the three categories must register with his or her local sheriff and provide certain personal information, including his or her home address. R.C. 2950.04; *State v. Cook* (1998), 83 Ohio St.3d 404, 408, 700 N.E.2d 570. "Registration * * * allows law enforcement officials to remain vigilant against possible recidivism by offenders." Id. at 417, 700 N.E.2d 570.

{¶ 18} The sheriff must notify certain persons in the community regarding a sex offender's registration. R.C. 2950.11. The purpose of the notification is to place the public on notice, thereby permitting them to develop plans to protect themselves against possible recidivism.

## B. Evidence and Burden of Proof

{¶ 19} R.C. 2950.09(B)(3) lists ten factors for a court to consider in determining whether a sexual offender is a sexual predator.[1] However, a court has discretion to determine what weight, if any, it will assign to each factor, and under R.C. 2950.09(B)(3)(j) may consider other "characteristics that contribute to the offender's conduct." *State v. Thompson* (2001), 92 Ohio St.3d 584, 752 N.E.2d 276, paragraph one of the syllabus.

{¶ 20} The state must prove that an offender is a sexual predator by clear and convincing evidence. R.C. 2950.09(B)(4). Clear and convincing evidence is evidence that "will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford* (1954), 161

---

1. The factors include (1) the offender's age, (2) the offender's criminal record, (3) the age of the victim, (4) whether there were multiple victims, (5) whether the offender used drugs or alcohol to impair the victim, (6) if the offender has previously been convicted of a crime, whether he completed his sentence, and if the prior offense was a sexually oriented offense, whether he completed a sex-offender program, (7) whether the offender has a mental illness or disability, (8) the nature of the offender's sexual contact with the victim and whether it was part of a pattern of abuse, (9) whether the offender displayed cruelty or made threats of cruelty, and (10) any other "behavioral characteristics" that contribute to the offender's actions. R.C. 2950.09(B)(3)(a) through (j).

Ohio St. 469, 53 O.O. 361, 120 N.E.2d 118, paragraph three of the syllabus. To meet the clear-and-convincing standard requires a higher degree of proof than "a preponderance of the evidence," but less than "evidence beyond a reasonable doubt." *State v. Ingram* (1992), 82 Ohio App.3d 341, 346, 612 N.E.2d 454.

## IV. Appellate Standard of Review

### A. Manifest Weight of the Evidence

{¶ 21} Wilson alleges that the court of appeals erred when it failed to apply the "clearly erroneous" standard of review. Wilson asserts that a judge's determination is clearly erroneous if it is "totally lacking in any competent and credible supportive evidence." Wilson relies primarily upon two Ninth District Court of Appeals cases for his assertion that the "clearly erroneous" standard is the proper standard to apply in this case: *State v. Unrue*, Summit App. No. 21105, 2002-Ohio-7002, 2002 WL 31829077, ¶ 6; and *Spinetti v. Spinetti* (Mar. 14, 2001), Summit App. No. 20113, 2001 WL 251348. The court in *Unrue* stated, "The appropriate standard of review to be applied in sexual predator adjudications is the clearly erroneous standard. That is, a sexual predator adjudication will not be reversed if there is *'some competent, credible evidence'* to support the trial court's determination." (Emphasis added.) *Unrue*, 2002-Ohio-7002, 2002 WL 31829077, ¶ 6. The language "some competent, credible evidence" is the same language this court used in *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus, to explain the civil manifest-weight-of-the-evidence standard. In fact, the court in *Unrue* later makes clear that the Ninth District merely refers to the "some competent, credible evidence" standard of review as the "clearly erroneous" standard of review. Id. Thus, we find that the "clearly erroneous" standard of review espoused by Wilson as adopted by the Ninth District Court of Appeals equates to the civil manifest-weight-of-the-evidence standard defined in *C.E. Morris Co.*

{¶ 22} The state also argues that we should adopt the manifest-weight-of-the-evidence standard as defined in *C.E. Morris Co.*

{¶ 23} We previously applied a manifest-weight-of-the-evidence standard in evaluating a trial court's sex-offender-classification determination. *State v. Cook*, 83 Ohio St.3d at 426, 700 N.E.2d 570. However, in *Cook*, we did not specify whether we were applying the civil or criminal manifest-weight-of-the-evidence standard, and consequently, some courts of appeals apply the civil standard, and others apply the criminal standard. See *State v. Morrison* (Sept. 20, 2001), 10th Dist. No. 01AP–66, 2001 WL 1098086. We will now examine the two standards.

### 1. The Civil Standard

{¶ 24} As mentioned previously, the civil manifest-weight-of-the-evidence standard was explained in *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus ("Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence"). We have also recognized when reviewing a judgment under a manifest-weight-of-the-evidence standard, a court has an obligation to presume that the findings of the trier of fact are correct. *Seasons Coal Co., Inc. v. Cleveland* (1984), 10 Ohio St.3d 77, 80–81, 10 OBR 408, 461 N.E.2d 1273. This presumption arises because the trial judge had an opportunity "to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Id. at 80, 10 OBR 408, 461 N.E.2d 1273. "A reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not." Id. at 81, 10 OBR 408, 461 N.E.2d 1273.

### 2. The Criminal Standard

{¶ 25} The criminal manifest-weight-of-the-evidence standard was explained in *State v. Thompkins* (1997), 78 Ohio St.3d 380, 678 N.E.2d 541. In *Thompkins*, the court distinguished between sufficiency of the evidence and manifest weight of the evidence, finding that these concepts differ both qualitatively and quantitatively. Id. at 386, 678 N.E.2d 541. The court held that sufficiency of the evidence is a test of adequacy as to whether the evidence is legally sufficient to support a verdict as a matter of law, but weight of the evidence addresses the evidence's effect of inducing belief. Id. at 386–387, 678 N.E.2d 541. In other words, a reviewing court asks whose evidence is more persuasive—the state's or the defendant's? We went on to hold that although there may be sufficient evidence to support a judgment, it could nevertheless be against the manifest weight of the evidence. Id. at 387, 678 N.E.2d 541. "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." Id. at 387, 678 N.E.2d 541, citing *Tibbs v. Florida* (1982), 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652.

### B. The Civil Standard Affords More Deference to the Fact–Finder

{¶ 26} Both *C.E. Morris Co.*, 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, and *Thompkins* instruct that the fact-finder should be afforded great deference.

However, the standard in *C.E. Morris Co.* tends to merge the concepts of weight and sufficiency. See *State v. Maple* (Apr. 2, 2002), 4th Dist. No. 01CA2605, 2002 WL 507530, fn. 1; *State v. Morrison* (Sept. 20, 2001), 10th Dist. No. 01AP–66, 2001 WL 1098086. Thus, a judgment supported by "some competent, credible evidence going to all the essential elements of the case" must be affirmed. *C.E. Morris Co.* Conversely, under *Thompkins,* even though there may be sufficient evidence to support a conviction, a reviewing court can still reweigh the evidence and reverse a lower court's holdings. *State v. Thompkins,* 78 Ohio St.3d 380, 678 N.E.2d 541. Thus, the civil-manifest-weight-of-the-evidence standard affords the lower court more deference then does the criminal standard. See *Barkley v. Barkley* (1997), 119 Ohio App.3d 155, 159, 694 N.E.2d 989.

## C. Divided Appellate Districts

{¶ 27} As we mentioned above, without clear instruction from this court in *Cook* on whether to use the civil or criminal manifest-weight-of-the-evidence standard in reviewing a trial court's determination in a sex-offender-classification hearing, the appellate districts divided on the issue. Eight districts adopted the civil standard. See, e.g., *State v. Wilkerson* (1st Dist.2000), 138 Ohio App.3d 861, 742 N.E.2d 716; *State v. Gerhardt* (Aug. 31, 2001), 2d Dist. No. 00CA0090, 2001 WL 991564; *State v. Maple* (Apr. 2, 2002), 4th Dist. No. 01CA2605, 2002 WL 507530; *State v. Florer,* 5th Dist. No. 2005–CA–47, 2006-Ohio-4441, 2006 WL 2474345; *State v. Parsons* (Aug. 17, 2001), 6th Dist. No. H–00–42, 2001 WL 950043; *State v. Ellison,* 8th Dist. No. 78256, 2002-Ohio-4024, 2002 WL 1821927; *State v. Knowles,* 9th Dist. No. 04CA008476, 2004-Ohio-6080, 2004 WL 2600226; *State v. Bregen,* 12th Dist. No. CA2005–11–101, 2006-Ohio-4691, 2006 WL 2590473. And four districts adopted the criminal standard. See, e.g., *State v. Caplinger,* 3d Dist. No. 8–06–02, 2006-Ohio-3891, 2006 WL 2126287; *State v. Sims* (June 27, 2001), 7th Dist. Nos. 99–JE–43 and 99–JE–57, 2001 WL 741528; *State v. Morrison* (Sept. 20, 2001), 10th Dist. No. 01AP–66, 2001 WL 1098086; and *State v. Dell* (Aug. 10, 2001), 11th Dist. No. 99–A–0038, 2001 WL 909334.

{¶ 28} Accordingly, we must determine whether sex-offender-classification proceedings are civil or criminal in nature in order to determine the proper standard of review.

## D. Nature of Sex–Offender–Classification Proceedings

{¶ 29} This court has examined R.C. Chapter 2950 on several occasions. We find two previous cases particularly instructive regarding the nature of sex-offender-classification proceedings.

{¶ 30} In *State v. Cook,* 83 Ohio St.3d 404, 700 N.E.2d 570, the defendant alleged that R.C. Chapter 2950 violated the prohibition against ex post facto legislation. An ex post facto law "'punishes as a crime an act previously

committed, which was innocent when done, [or] which makes more burdensome the punishment for a crime, after its commission.'" Id. at 414, 700 N.E.2d 570, quoting *Beazell v. Ohio* (1925), 269 U.S. 167, 169–170, 46 S.Ct. 68, 70 L.Ed. 216. Accordingly, the Ex Post Facto Clause of Section 10, Article I of the United States Constitution applies to criminal cases only. Id. at 415, 700 N.E.2d 570, citing *California Dept. of Corr. v. Morales* (1995), 514 U.S. 499, 504; 115 S.Ct. 1597, 131 L.Ed.2d 588. In holding that R.C. Chapter 2950 was not an ex post facto law, the court reasoned that it was meant to protect the public and therefore was remedial, not punitive. Id. at 417, 700 N.E.2d 570.

{¶ 31} In *State v. Williams,* the defendants alleged that R.C. Chapter 2950 violated the Double Jeopardy Clause because it inflicted a second punishment for a single offense. *State v. Williams* (2000), 88 Ohio St.3d 513, 527, 728 N.E.2d 342. Relying on our reasoning in *Cook,* we reaffirmed that R.C. Chapter 2950 is "neither 'criminal,' nor a statute that inflicts punishment" and held that there was no violation of the Double Jeopardy Clause. Id. at 528, 728 N.E.2d 342; see also *State v. Gowdy* (2000), 88 Ohio St.3d 387, 398, 727 N.E.2d 579.

{¶ 32} Consistent with our jurisprudence in those cases, we find that the sex-offender-classification proceedings under R.C. Chapter 2950 are civil in nature and that a court of appeals must apply the civil manifest-weight-of-the-evidence standard in its review of the trial court's findings. Under this standard, a court of appeals must affirm the trial court's determination if it is supported by some competent, credible evidence.

### E. The Eighth District's Decision Below

{¶ 33} In the case at bar, the Eighth District Court of Appeals held that the trial court's determination that Wilson is not a sexual predator was against the manifest weight of the evidence. Although the court did not specify whether it was applying the civil or criminal standard, and although it has applied the civil manifest-weight-of-the-evidence standard in similar cases, see, e.g., *State v. Forbes,* 8th Dist. No. 87473, 2006-Ohio-5612, 2006 WL 3041944; *State v. Ellison,* 8th Dist. No. 78256, 2002-Ohio-4024, 2002 WL 1821927; *State v. Tillery* (Apr. 4, 2002), 8th Dist. No. 79166, 2002 WL 509555, as discussed below, it is clear that in this case, the court applied the criminal standard.

{¶ 34} We start our review by examining the trial court's decision. In rendering his decision, the trial judge examined the factors listed in R.C. 2950.09(B)(3), starting with Wilson's age at the time of the hearing (54), which the judge found had "substantial relevance" for two reasons. First, the court determined that Wilson does not have the "vitality" that he had had when he committed the sex crimes, and, second, it had been approximately 28 years since Wilson had committed his last sex offense.

{¶ 35} The judge took into consideration Wilson's criminal history, R.C. 2950.09(B)(3)(b), and the fact that his crimes involved multiple victims, R.C. 2950.09(B)(3)(d), but found Wilson's age and the amount of time that had past since Wilson committed his last sex offense more probative of whether he would commit sex crimes in the future.

{¶ 36} The judge found that none of Wilson's victims was a child. R.C 2950.09(B)(3)(c). Thus, the judge found that the age of the victims was not persuasive in finding that Wilson was a sexual predator.

{¶ 37} The judge also found no evidence that any of the victims had been under the influence of drugs or alcohol. R.C. 2950.09(B)(3)(e).

{¶ 38} The judge recognized that Wilson has a mental illness, but accepted Dr. Aronoff's testimony that his illness was not probative of determining whether Wilson would commit a future sex offense, R.C. 2950.09(B)(3)(g), and that although Wilson had threatened his victims to get their compliance, there was no evidence that he had displayed cruelty, R.C. 2950.09(B)(3)(i). Finally, the judge found that Wilson had attended a sex-offender treatment program and had been cooperative while on parole.

{¶ 39} Thus, the trial judge found evidence in Wilson's favor under eight of the ten factors listed in R.C. 2950.09(B)(3), and concluded that the state had failed to prove that Wilson is a sexual predator.

{¶ 40} It is clear that the court of appeals applied the criminal manifest-weight-of-the-evidence standard, because it did not evaluate or discuss the trial judge's rationale or any of the evidence the judge cited in support of his decision finding that the state failed to prove its case. Under the civil standard, examining the evidence underlying the trial judge's decision is a prerequisite to determining whether the trial court's judgment is supported by some competent, credible evidence. Without this analysis, it is apparent that the court of appeals re-weighed the evidence and substituted its judgment for that of the trial judge. Thus, the court of appeals improperly applied the criminal-law standard set forth in *Thompkins*. Mere disagreement with the trial court's findings is not sufficient to overturn them. Accordingly, we hold that the court of appeals erred by not applying the civil manifest-weight-of-the-evidence standard in reviewing the trial court's determination that Wilson is not a sexual predator.

## V. Conclusion

{¶ 41} Because sex-offender-classification proceedings under R.C. Chapter 2950 are civil in nature, a trial court's determination in a sex-offender-classification hearing must be reviewed under a civil manifest-weight-of-the-evidence standard and may not be disturbed when the trial judge's findings are supported by some competent, credible evidence.

{¶ 42} In this case, we find that there was some competent, credible evidence to support the trial judge's finding that the state did not prove by clear and convincing evidence that Wilson is a sexual predator. Accordingly, we reverse the judgment of the court of appeals and reinstate the trial court's determination.

Judgment reversed.

MOYER, C.J., PFEIFER and O'DONNELL, JJ., concur.

DONOVAN, O'CONNOR and LANZINGER, JJ., concur in part and dissent in part.

MARY E. DONOVAN, J., of the Second Appellate District, was assigned to sit for RESNICK, J., whose term ended on January 1, 2007.

CUPP, J., whose term began on January 2, 2007, did not participate in the consideration or decision of this case.

---

**LANZINGER, J., concurring in part and dissenting in part.**

{¶ 43} I concur in the majority opinion to the extent that it holds that classifications made under R.C. 2950.09 are not to be disturbed when they are supported by competent, credible evidence; I dissent from the majority's labeling of sex-offender-classification proceedings as civil in nature. Furthermore, I would reverse the court of appeals' judgment in part only and would hold that this case should be remanded to the trial court for both an order that the appellant is a habitual offender pursuant to R.C. 2950.09(E)(1) and for further proceedings to determine whether he should be subject to the community-notification provisions in R.C. 2950.10 and 2950.11.

{¶ 44} The majority relies upon two cases for its statement that sex-offender-classification proceedings are civil in nature. In *State v. Cook* (1998), 83 Ohio St.3d 404, 700 N.E.2d 570, it was held that the registration and notification requirements within R.C. Chapter 2950 did not constitute ex post facto legislation because the legislation was remedial and was a reasonable measure designed to protect the public. Id. at 417, 700 N.E.2d 570. In *State v. Williams* (2000), 88 Ohio St.3d 513, 728 N.E.2d 342, the statute was held not to violate the Double Jeopardy Clause because it was "neither 'criminal,' nor a statute that inflicts punishment." Id. at 528, 728 N.E.2d 342.

{¶ 45} R.C. Chapter 2950 has been amended since *Cook* and *Williams*, however, and the simple registration process and notification procedures considered in those two cases are now different. The following comparisons show that the current laws are more complicated and restrictive than those at issue in *Williams* and *Cook*. First, the label "sexual predator" is now permanent for adult offenders, R.C. 2950.07(B)(1), whereas previously, offenders had the possibility of having it removed. Former R.C. 2950.09(D), Am.Sub.H.B. No. 180, 146 Ohio

Laws, Part II, 2560, 2621–2623. Second, registration duties are now more demanding and therefore are no longer comparable to the inconvenience of renewing a driver's license, as *Cook* had analogized. *Cook*, 83 Ohio St.3d at 418, 700 N.E.2d 570. Persons classified as sex offenders must now personally register with the sheriff of the county in which they reside, work, and go to school. R.C. 2950.04(A). Sexual predators must personally register with potentially three different sheriffs every 90 days, R.C. 2950.06(B)(1)(a), which is hardly comparable to the slight inconvenience of having one's driver's license renewed every four years. Third, community notification has expanded to the extent that any statements, information, photographs, or fingerprints that an offender is required to provide are public record and much of that material is now included in the sex-offender database maintained on the Internet by the attorney general. R.C. 2950.081. In *Cook*, we considered it significant that the information provided to sheriffs by sex offenders could be disseminated to only a restricted group of people. *Cook*, 83 Ohio St.3d at 422, 700 N.E.2d 570. Fourth, new restrictions have been added to R.C. Chapter 2950. Enacted initially as part of Sub.S.B. No. 5, 125th General Assembly, approved July 31, 2003, R.C. 2950.031 prohibits all classified sex offenders, not just those convicted of sex offenses against children, from residing within 1,000 feet of any school premises. And fifth, a sheriff is now permitted to request that the sex offender's landlord or the manager of the sex offender's residence verify that the sex offender currently resides at the registered address. R.C. 2950.111(A)(1). According to R.C. 2950.111(C), "[a] sheriff or designee of a sheriff is not limited in the number of requests that may be made under this section regarding any registration, provision of notice, or verification, or in the number of times that the sheriff or designee may attempt to confirm, in manners other than the manner provided in this section, that an offender * * * currently resides at the address in question."

{¶ 46} While protection of the public is the avowed goal of R.C. Chapter 2950, we cannot deny that severe obligations are imposed upon those classified as sex offenders. All sexual predators and most habitual sex offenders are expected, for the remainder of their lives, to register their residences and their employment with local sheriffs. Moreover, this information will be accessible to all. The stigma attached to sex offenders is significant, and the potential exists for ostracism and harassment, as the *Cook* court recognized. Id., 83 Ohio St.3d at 418, 700 N.E.2d 570. Therefore, I do not believe that we can continue to label these proceedings as civil in nature. These restraints on liberty are the consequences of specific criminal convictions and should be recognized as part of the punishment that is imposed as a result of the offender's actions.

{¶ 47} Nevertheless, I concur with the majority that the trial judge's findings on classification pursuant to R.C. 2950.09 should not be disturbed if they are supported by competent, credible evidence. R.C. 2950.09(B)(4) requires clear and

convincing evidence before a judge classifies an offender as a sexual predator. Thus, to determine that a defendant is not a sexual predator, as the trial court did here, a court need find only that the evidence does not clearly and convincingly support a finding that the offender is likely to commit another sex offense. In *State v. Schiebel* (1990), 55 Ohio St.3d 71, 74–75, 564 N.E.2d 54, we stated: "Where the proof required must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof. *Ford v. Osborne* (1887), 45 Ohio St. 1, 12 N.E. 526, paragraph two of the syllabus. However, it is also firmly established that judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court. An appellate court should not substitute its judgment for that of the trial court when there exists competent and credible evidence supporting the findings of fact and conclusions of law rendered by the trial court judge." Thus, the appropriate inquiry by the appellate court should be, "Is there sufficient evidence to support the trial judge's finding that the state did not prove by clear and convincing evidence that the offender was likely to commit another sex offense?"

{¶ 48} In this case, I agree that the court of appeals improperly substituted its own view of the evidence for the trial court's. As the dissenting appellate judge pointed out, there was strong evidence supporting the court's ruling. *State v. Wilson*, Cuyahoga App. No. 85015, 2005-Ohio-4994, 2005 WL 2303990, at ¶ 29–37. "Even if defendant had posed a future threat at the time he committed the crimes, therefore, the court had the substantial evidence to rule that he no longer posed a threat and no longer fit the profile of a sexual predator." Id. at ¶ 37. Most important, deference is to be given the trial court on findings of fact. See *State v. Vrabel*, 99 Ohio St.3d 184, 2003-Ohio-3193, 790 N.E.2d 303, ¶ 33, quoting *State v. Cowans* (1999), 87 Ohio St.3d 68, 84, 717 N.E.2d 298 ("Deference on these issues should be given to those 'who see and hear what goes on in the courtroom' ").

{¶ 49} I would reverse the court of appeals' holding that contradicts the trial judge's determination, which was supported by the evidence, that Wilson is not a sexual predator. Nevertheless, I believe that the court of appeals was correct in holding that Wilson is a habitual sex offender pursuant to R.C. 2950.09(E)(1) because he pleaded guilty to a sexually oriented offense and previously had been convicted of a sexually oriented offense. See R.C. 2950.01(B); *State v. Williams*, 88 Ohio St.3d at 518, 728 N.E.2d 342. I do not, therefore, concur with the majority that the trial judge's classification of Wilson as a sexually oriented offender should be reinstated. I would remand for the trial court to determine pursuant to R.C. 2950.09(E)(2) whether, as a habitual sexual offender, Wilson

394

should be subject to the community-notification provisions contained in R.C. 2950.10 and 2950.11.

DONOVAN and O'CONNOR, JJ., concur in the foregoing opinion.

———————————

William D. Mason, Cuyahoga County Prosecuting Attorney, and Mary H. McGrath, Assistant Prosecuting Attorney, for appellee.

Robert L. Tobik, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, for appellant.