DECISION
{¶ 1} Thomas C. Green is appealing from the trial court's finding that he should be labeled a sexual predator. He assigns a single error to that effect: The trial court erred in finding Appellant to be a sexual predator.
 {¶ 2} Mr. Green was indicted in 1995 and charged with two counts of rape and one count of gross sexual imposition. The indictment alleged that he had engaged in sexual conduct and sexual contact with his nine-year-old daughter. The case was *Page 2 
resolved with a plea of guilty to attempted rape in January 1996 and Mr. Green was sentenced to a prison term of eight to 15 years.
 {¶ 3} Ten years later, Mr. Green was still in custody and a new trial court judge set a hearing to determine for purposes of R.C. 2950.09
whether or not Mr. Green should be considered a sexual predator. The office of the Franklin County Public Defender was appointed to represent Mr. Green at the hearing.
 {¶ 4} The original hearing date in April 2006 was continued twice and ultimately an evidentiary hearing was conducted on September 8, 2006. Four exhibits were presented as evidence — the 1995 indictment, a copy of the guilty plea form, a post-sentence investigation prepared by the Ohio Department of Rehabilitation and Correction, and a sex offender program final report. The exhibits were admitted without objection and no live testimony was received. Instead, counsel for both of the parties argued their respective positions about why Mr. Green should or should not be labeled a sexual predator.
 {¶ 5} The trial court judge then made the following findings:
 THE COURT: The Court has listened to the arguments of counsel and has reviewed the documents that were presented, that being State's Exhibits 1 through 4. When the Court considers the factors that I am supposed to think of in the statute I have come to the conclusion that I am convinced that the Defendant should be labeled as a sexual predator. I look at the age of the Defendant, the nature of this offense. I look at the age of the victim and the age of the Defendant. I look at the fact that according to the presentence investigation this occurred on multiple occasions, although there was a plea bargain to one incident.
 But the factor that weighs heavily on this Court is the fact that the victim in this case is the Defendant's flesh-and-blood daughter. Across time and across cultures there are very few *Page 3 
things that are universally taboo, and this kind of behavior with one's own flesh-and-blood daughter, let alone the age of the child, compounded by the fact that the child is only 9 years old, leads me to believe that the Defendant needs to be labeled as a sexual predator. I make such finding.
(Tr. at 8-9.)
 {¶ 6} The issue for us on appeal is whether or not the four exhibits are sufficient to support a finding by clear and convincing evidence that Mr. Green should be labeled a sexual predator. The Supreme Court of Ohio has recently instructed the appellate courts about the standard to be applied when addressing the issue. In State v. Wilson,113 Ohio St.3d 382, 2007-Ohio-2202, the Supreme Court of Ohio stated in its syllabus:
 Because sex-offender-classification proceedings under R.C. Chapter 2950 are civil in nature, a trial court's determination in a sex-offender-classification hearing must be reviewed under a civil manifest-weight-of-the-evidence standard and may not be disturbed when the judge's findings are supported by some competent, credible evidence.
 {¶ 7} Given the standard, we cannot disturb the trial court's finding that Thomas C. Green should be labeled a sexual predator. Over an extended period of time, Mr. Green engaged in sexual conduct and sexual contact with his daughter. He did not complete the rape of his daughter on more than one occasion because he realized he was causing her serious pain. On more than one occasion, he reached climax himself, the results of which his daughter observed.
 {¶ 8} In fairness to Mr. Green, he apparently has made great strides in addressing his alcoholism, which seems to have played a role in his misconduct. He has also taken a sex offender class and completed it. Despite the class, he still has been *Page 4 
evaluated as a low to moderate risk of re-offending. His only criminal history prior to the present case, was a series of three OVI charges (1984, 1985 and 1991).
 {¶ 9} Given the evidence before the trial court, the trial court's finding was supported and supportable. We therefore overrule the assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
FRENCH and DESHLER, JJ., concur.
DESHLER, J., retired of the Tenth Appellate District, assigned to active duty under the authority of Section 6(C), Article IV, Ohio Constitution. *Page 1