{¶ 43} I agree that Mr. Smith's convictions should be affirmed and that it is necessary to remand this matter for a hearing on whether he should be classified a sexual predator. I write separately, however, for three reasons. *Page 25 
 A. {¶ 44} As acknowledged by Mr. Smith, his trial counsel failed to object to the testimony about which he has complained in his first assignment of error, and, accordingly, this Court could only reverse based upon the trial court's receiving that testimony if the trial court's having done so constituted plain error. As also acknowledged by Mr. Smith, the outcome of the trial in this case turned on the jury's determination that the victim's testimony was more credible than his. The victim's testimony about other alleged choking incidents would not have bolstered her credibility. Another person's testimony that Mr. Smith choked the victim on other occasions may have bolstered her credibility regarding whether he choked her on April 11, 2006, but it stands to reason that the jury would have believed all or none of the victim's "choking testimony" and that it would not have viewed her testimony as more credible based on the higher the number of incidents about which she testified. Even if the trial court erred in receiving the other act evidence, therefore, the outcome of the trial would not clearly have been otherwise had the claimed error not occurred. SeeState v. Moreland, 50 Ohio St. 3d 58, 63 (1990). Accordingly, the trial court having received that testimony in evidence was not plain error, and Mr. Smith's first assignment of error is properly overruled. *Page 26 
 B. {¶ 45} As part of his argument in support of his third assignment of error, Mr. Smith has asserted that his lawyer was ineffective for not objecting to the victim's other act testimony. I would overrule that part of his third assignment of error without considering whether that testimony violated Rule 404(B) of the Ohio Rules of Evidence. Even if it was not properly received, for the reason I discussed above in connection with Mr. Smith's first assignment of error, he was not prejudiced by his lawyer's failure to object to that testimony.State v. Bradley, 42 Ohio St. 3d 136, paragraph two of the syllabus (1989).
 C. {¶ 46} The State has cross appealed and argued that the trial court incorrectly refused to conduct a sexual offender classification hearing in this case. I agree with the majority that this matter must be remanded in order for the trial court to conduct such a hearing. It is necessary to recognize, however, that the remand does not mean that this Court has concluded that Mr. Smith is a sexually oriented offender. It is up to the trial court to determine whether he is a sexually oriented offender.
 {¶ 47} The first step in determining whether a defendant is a sexually oriented offender, a habitual sex offender, or a sexual predator is a determination of whether he has committed a sexually oriented offense. See State v. Cook, 83 Ohio St. 3d 404, 407 (1998). Certain crimes, listed in Section 2950.01(D)(1)(a) of *Page 27 
the Ohio Revised Code, are always sexually oriented offenses. A person convicted of one of those crimes is automatically a sexually oriented offender, and the only question to be determined at a classification hearing is whether he is a habitual sex offender or a sexual predator. Certain other crimes, listed in Section 2950.01(D)(2)(c) of the Ohio Revised Code, however, are only sexually oriented offenses when they are committed with a sexual motivation. Kidnapping is among those crimes that may be sexually oriented offenses if committed with a sexual motivation. When a defendant is convicted of one of those crimes, the first issue that must be determined at a classification hearing is whether the defendant is a sexually oriented offender; that is, whether he committed the crime for which he was convicted with a sexual motivation: "A sexually oriented offender is one who has committed a `sexually oriented offense' as that term is defined in R.C. 2950.01(D) but who does not fit the description of either habitual sex offender or sexual predator." Id. The burden of proving sexual motivation is on the State and, in order to carry that burden, it must present clear and convincing evidence. See State v. Wilson, 113 Ohio St. 3d 382,2007-Ohio-2202 at ¶ 20.
 {¶ 48} On remand, the trial court should hold a classification hearing. If it determines that the State has proven by clear and convincing evidence that Mr. Smith kidnapped the victim with a sexual motivation, it should then determine whether the State has also proven by clear and convincing evidence that he is either a habitual sex offender or a sexual predator. If it determines that the State *Page 28 
has failed to prove that he kidnapped the victim with a sexual motivation, it should decline to classify Mr. Smith as a sexually oriented offender, a habitual sex offender, or a sexual predator.
(Reece, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.) *Page 1