{¶ 54} I concur in the Court's judgment and opinion. I write separately to again note one of the problems inherent in the "civil manifest-weight-of-the-evidence standard" adopted by the Ohio Supreme Court in State v. Wilson, 113 Ohio St. 3d 382, 2007-Ohio-2202. SeeThe Huntington Nat'l Bank v. Chappell, 9th Dist. No. 06CA008979, 2007-Ohio-4344 (Dickinson, J., concurring). Although it has been generally recognized that a trier of fact is free to reject testimony even if that testimony is unrebutted, that is no longer true in civil cases in Ohio. Id. at ¶ 22, 54. Under Wilson, at least when a plaintiff presents sufficient evidence on each element of her cause of action, a defendant must present rebuttal *Page 25 
evidence. If the defendant does not present rebuttal evidence, a judgment in the defendant's favor is now reversible because it is "against the manifest weight of the evidence." Id. at ¶ 54. Application of the "civil manifest-weight-of-the-evidence standard" in this case required this Court to determine whether "the jury had before it competent, credible evidence to find in favor of the defendants on the claims brought by Dutton and Smith." If the defendants had not presented competent, credible rebuttal evidence, and the jury had simply disbelieved the plaintiffs' evidence, this Court would have had to remand for a new trial. Rather than providing more deference to the finder of fact as intended by the Supreme Court, in this type situation, the "civil manifest-weight-of-the-evidence standard" provides less. I again urge the Supreme Court to reexamine the issue of an appellate court's role when it is asked to reverse a trial court's judgment in a civil case as against the manifest weight of the evidence. *Page 1