[Cite as *In re C.S.*, 2015-Ohio-4531.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


IN RE:                            :

        C.S.                     :            CASE NO.   CA2015-04-078

                                 :             O P I N I O N
                                               11/2/2015

                                 :

                                 :


APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. JV2014-2211


Scott N. Blauvelt, 246 High Street, Hamilton, Ohio 45011, for appellant, C.S.

Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee, state of Ohio


**HENDRICKSON, J.**

{¶ 1} Appellant, C.S., appeals from a decision of the Butler County Court of Common Pleas, Juvenile Division, adjudicating him delinquent for committing aggravated arson. For the reasons set forth below, we affirm.

{¶ 2} On November 29, 2014, appellant invited some of his friends over to his family's mobile home to hang out and spend the night. Appellant, D.B., T.T., J.R.C., and one other boy decided to play a "game" in appellant's grandma's bedroom where they sprayed

perfume on their clothes, lit the perfume, and then patted out the flame. When D.B. was done playing this game, he showered, changed his clothes, and went to sleep in appellant's grandma's bedroom. D.B. later awoke with his shorts and boxer shorts on fire, causing serious burn injuries to his thighs, groin area, and hand.

{¶ 3} On December 8, 2014, following an investigation into D.B.'s injuries, Detective Jeff Schuster with the Butler County Sheriff's Office filed a complaint alleging appellant, who at the time was 14 years old, was a delinquent child for committing acts that, if committed by an adult, would constitute aggravated arson, felonious assault, and obstructing official business. Appellant entered a denial on all charges, and a delinquency hearing was held on April 6, 2015. At the hearing, the state presented testimony from Detective Schuster and his fellow officers, Detective Hung Tri Rudolph and Deputy Janee Lambert. Appellant presented testimony from the victim, D.B., in his defense.

{¶ 4} Deputy Lambert testified that she was dispatched to appellant's home around 4:45 a.m. on November 30, 2014, following reports that a child had set himself on fire with a lighter. Upon arriving at the scene, she found D.B. standing outside the home, dressed in only a T-shirt. D.B. informed Lambert he was not completely aware of what had happened to him; he stated he had fallen asleep and woke up on fire. He also informed Lambert that prior to waking up on fire, one of the boys, J.R.C., had taunted him with a lighter.

{¶ 5} Neither appellant nor T.T. were present when Lambert arrived at the scene. She discovered the two boys had gone to T.T.'s home, which was located within the same neighborhood. Lambert picked appellant and T.T. up from T.T.'s home and transported them back to appellant's home. When Lambert first came into contact with T.T. and appellant, T.T. informed her that he ran into the room D.B. was sleeping in when he heard D.B.'s screams and helped D.B. by ripping D.B.'s shorts off and stomping out the fire. Appellant told Lambert that J.R.C. had been at the home earlier, J.R.C. "continued to try to set [D.B.] on fire with the

lighter" and "after [J.R.C.] set [D.B.] on fire for the last time, [J.R.C.] jumped out the window and took off." Lambert asked T.T. and appellant to provide a written statement about the events that had occurred at appellant's home. Appellant gave the following statement:

> Me, [J.R.C.], and a couple of [J.R.C.]'s friends were in the room and [J.R.C.] was messing with [D.B.] and I heard my grandma [call]. So I walked out there. A couple of minutes later I heard [D.B.] screaming. I ran to the bedroom door pushed it open and seen him on fire. I said "Mammaw [sic] call 911. [T.T.] help me." He ran in the room and [T.T.] put the fire out. And the room was empty besides [D.B.].

{¶ 6} Detective Schuster testified he arrived at appellant's home sometime after 7:00 a.m. on November 30, 2014, to investigate the incident. Schuster described the home appellant lived in as "a mess." The home had items spread out all over the floor, there was an overpowering smell of dog feces, and there various insects crawling throughout the inside of the residence. Schuster testified evidence was collected from the home, including D.B.'s charred and melted shorts and boxer shorts and a white BIC lighter. The BIC lighter was later dusted for fingerprints, but no useable prints were found.

{¶ 7} Schuster also testified he interviewed appellant on a couple of occasions while investigating D.B.'s injuries. On at least one of these occasions, appellant informed Schuster that J.R.C. had lit D.B. on fire and then jumped out of a window to get away. As a result of his investigation, Schuster filed a complaint charging J.R.C. with aggravated arson and felonious assault. Charges against J.R.C. were later withdrawn after additional evidence came to light. Among the evidence leading to Schuster's decision to withdraw the complaint against J.R.C. was a December 5, 2014 recorded interview between appellant, Detective Rudolph, and another detective.

{¶ 8} Detective Rudolph testified he met with appellant on December 5, 2014, about the fire causing D.B.'s injuries. During this interview, appellant initially denied any wrongdoing. Appellant claimed that T.T. put perfume on D.B. and lit the perfume before

appellant put the flame out and left the room. Appellant's story later changed, and he admitted to spraying the perfume one time before T.T. lit it. Appellant once again claimed he put the flame out before leaving the room. Appellant testified he did not know what happened after he left the room. He stated, "I don't know if [T.T.] did it more after I left the room of if he just left it alone and it lit back up after I went out of the room." A little later in the interview, appellant changed his story yet again. Appellant told Rudolph, "I sprayed it, I lit it, and I put it out and walked out of the room." Appellant admitted he had not previously disclosed his involvement in the incident because he "didn't want to get in trouble." A video recording of appellant's December 5, 2014 interview with Detective Rudolph was entered into evidence. Also entered into evidence were photographs of appellant's home, photographs of D.B.'s injuries, D.B.'s medical records, D.B.'s burnt shorts and boxer shorts, and a copy of appellant's November 30, 2014 written statement.

{¶ 9} Following the state's presentation of its evidence, appellant called D.B. as a witness. D.B. testified he and appellant used to go to school together and were close friends. On the evening before the fire, D.B., appellant, T.T., and one other boy were hanging out in appellant's grandma's room. The boys were sitting side by side, with their knees were touching. Each boy sprayed perfume on his jean-clad leg before passing the perfume bottle to another boy. The boys then lit the perfume on fire before rubbing or wiping out the flame. Eventually, the boys stopped this activity, and D.B. showered and changed clothes before going to bed in appellant's grandma's room. Before D.B. fell asleep, he noticed that J.R.C. was playing with a lighter. A short time after he fell asleep, D.B. woke up with his shorts and boxer shorts on fire. Nobody was in the room at that time, but T.T. ran in and helped D.B. get the shorts and boxer shorts off. D.B. testified he had no reason to believe appellant was the individual who had lit him on fire.

{¶ 10} After hearing the foregoing evidence, the juvenile court found appellant was not

a delinquent child with respect to the felonious assault and obstructing official business charges. However, the court found appellant was a delinquent child for committing aggravated arson. In reaching these determinations, the juvenile court stated the following:

> And we've seen the condition of the trailer, and I mention that, the condition and the physical structure of the trailer, mobile home, and it's clear that it wouldn't take much to make the whole dwelling go up in fire very quickly and very easily. It's a small . . . Although there are several different bedrooms, there's a lot of debris around, clothes laying around, and the testimony I heard indicated that these boys were in this back bedroom and they were playing with fire, literally, and in more ways than one. But, in going through all the evidence, it would appear that the only one of these three (3) offenses which the State was able to prove beyond a reasonable doubt is one (1). The State was unable to prove the elements required, I find, of Felonious Assault, because the first element is to knowingly cause serious physical harm to another, and in this case the state has failed to do so. We can conclude possibly that the lighting of the matches, or excuse me, the fire and perfume I heard about, and all that testimony suggests that offense did occur of Felonious Assault, but the State has failed to prove all of those elements, the required elements in that cause. So at this time I'm going to go ahead and dismiss the Felonious Assault. I also find the State was unable to prove beyond a reasonable doubt the charge of Obstructing Official Business, therefore that charge shall be dismissed. However, as to the Aggravated Arson, the child's statement, statement of witnesses that I've heard today, evidence which was admitted in this case, I find that the State has proven each and every element of Aggravated Arson in regard to [appellant] and find that he is a delinquent child by virtue of that act contrary to 2909.02 F1, and that is to create knowingly * * * a substantial risk of serious physical harm to any person other than the defendant. [Appellant], by your very actions you boys were in a bedroom where there were bed linens, you were on or near a bed that caught fire, something on that bed caught fire, and what we know caught fire was those . . . that young man's shorts, they caught fire, we know that, we saw them. We saw his boxers, they caught on fire. There's no dispute about that either. You made statements, you admitted you didn't want to get in any trouble, but you also admitted that you did spray the perfume, you lit the per . . . you lit it, and you tried to put it out. But the problem you have is that you did it. And I don't know if what you specifically did caused your friend's horrific injuries or not. * * * But the State couldn't prove that you are the one that specifically set his clothes on fire, which caused his serious burns. But the State did prove that you in essence created by what you did and what you

admitted doing, and you did it knowingly, a substantial risk of serious physical harm to other people too. So for that reason, I do find that you're delinquent by virtue of that act.

{¶ 11} At the dispositional hearing held on April 17, 2015, the juvenile court committed appellant to the legal custody of the Ohio Department of Youth Services for a minimum term of 12 months. The court then suspended appellant's commitment and placed him on intensive probation at a local juvenile rehabilitation center. Appellant was ordered to write an apology letter to D.B. and thereafter cease all contact with the victim.

{¶ 12} Appellant appeals the juvenile court's decision, raising the following assignment of error:

{¶ 13} THE EVIDENCE WAS INSUFFICIENT TO SUPPORT THE ADJUDICATION FOR AGGRAVATED ARSON.

{¶ 14} In his sole assignment of error, appellant contends his adjudication for aggravated arson was not supported by sufficient evidence as the state failed to introduce evidence that he knowingly created a substantial risk of serious physical harm to others by means of fire. Appellant contends that, at best, the state introduced evidence that he created a "speculative or * * * significant risk" of harm by playing with fire given the "unkempt condition of the trailer."

{¶ 15} The standard of review applied in determining whether a juvenile court's finding of delinquency is supported by sufficient evidence is the same standard applied in adult criminal convictions. *In re I.L.J.F.*, 12th Dist. Butler No. CA2014-12-258, 2015-Ohio-2823, ¶ 24; *In re. K.F.*, 12th Dist. Butler No. CA2009-08-209, 2010-Ohio-734, ¶ 8. "Sufficiency of the evidence is a test of adequacy as to whether the evidence is legally sufficient to support a verdict as a matter of law." *In re I.L.J.F.* at ¶ 25, citing *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, ¶ 25. When reviewing the sufficiency of the evidence supporting an adjudication of delinquency, "'[t]he relevant inquiry is whether, after viewing the evidence in a

- 6 -

light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'"  *In re K.F.* at ¶ 9, quoting *State v. Smith*, 80 Ohio St.3d 89, 113 (1997).

{¶ 16} Appellant was adjudicated delinquent for conduct which, if committed by an adult, would have constituted aggravated arson in violation of R.C. 2909.02(A)(1).  This statute provides that "[n]o person, by means of fire or explosion, shall knowingly * * * [c]reate a substantial risk of serious physical harm to any person other than the offender."  R.C. 2909.02(A)(1).  Appellant challenges the sufficiency of the state's evidence with respect to whether he created a "substantial risk of serious physical harm" and whether he acted "knowingly."

{¶ 17} We find appellant forfeited his right to challenge the sufficiency of the state's evidence with respect to whether his actions created a "substantial risk of serious physical harm."  At the commencement of the delinquency hearing, appellant's trial counsel stipulated to this element of the offense, stating, "That's correct, Your Honor, that . . . that based on the elements in Aggravated Arson we would also stipulate a substantial risk of serious physical harm."  Appellant now seeks to limit this stipulation.  He contends he only intended to stipulate to the fact that DB was seriously harmed, and he did not intend to stipulate that there was a "substantial risk" that his actions may have caused serious physical harm.  However, having reviewed the transcript of proceedings, it is apparent that appellant did not place any such limitation on his stipulation.  Rather, appellant specifically stated, "we would *also stipulate a substantial risk* of serious physical harm."  (Emphasis added.)  Once appellant entered this stipulation, and it was accepted by the juvenile court, it was binding on the parties and was a fact deemed adjudicated for purposes of determining the remaining issues in the case.  *In re Avery*, 3d Dist. Putnam No. 12-2000-16, 2001 WL 639664, *1-2 (June 8, 2001).  The juvenile court, therefore, was entitled to rely on appellant's stipulation as

to this element in finding appellant a delinquent child for committing aggravated arson. *See id.* at *2 ("It is * * * not error for defense counsel to enter into a stipulation of fact, even if it is an element of the crime charged, and it is not error for the trial court to have found such facts to have been proven beyond a reasonable doubt").

{¶ 18} Turning to the remaining element challenged, a person acts "knowingly" when

> regardless of purpose, * * * the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist. When knowledge of the existence of a particular fact is an element of an offense, such knowledge is established if a person subjectively believes that there is a high probability of its existence and fails to make inquiry or acts with a conscious purpose to avoid learning that fact.

R.C. 2901.22(B).

{¶ 19} Appellant argues the state failed to prove he acted knowingly as the "only fire" he was involved with occurred when he was playing with the perfume. He contends he could not have been "aware that any small fire he may have set earlier in the evening created a substantial risk of serious physical harm based upon the later injuries to D.B." Appellant's argument, however, is flawed as the state was only required to prove that appellant knowingly created a substantial risk of serious physical harm by means of fire—not that appellant actually caused serious physical harm or injury to another by means of fire. *See* R.C. 2909.02(A)(1) and R.C. 2901.01(A)(8).[1] *See also State v. Eggeman*, 3d Dist. Van Wert No. 15-04-07, 2004-Ohio-6495, ¶ 14 ("The requisite proof is not dependent upon the actual result of the fire but is based upon the risk of harm created by the defendant's actions").

{¶ 20} Here, the state presented sufficient evidence for the juvenile court to find the "knowingly" element of aggravated arson proven beyond a reasonable doubt. The state

---

1. Pursuant to R.C. 2901.01(A)(8), a "substantial risk" means "a strong possibility, as contrasted with a remote or significant possibility, that a certain result may occur or that certain circumstances may exist."

presented evidence that appellant admitted to Detective Rudolph that he had sprayed perfume and lit it, creating a fire that he had to put out before it spread. Appellant stated, "I sprayed it, I lit it, and I put it out and walked out of the room." Appellant's admissions demonstrate his awareness that the perfume was flammable and, once lit, resulted in a fire that was capable of spreading and causing serious physical harm if it was not immediately extinguished. The state, therefore, presented sufficient evidence demonstrating appellant acted knowingly when he created a fire inside the mobile home where his friends and his grandma were present.

{¶ 21} Accordingly, for the reasons discussed above, we find appellant's adjudication of delinquency for aggravated arson was supported by sufficient evidence. Appellant's sole assignment of error is overruled.

{¶ 22} Judgment affirmed.

S. POWELL, P.J., and RINGLAND, J., concur.