OPINION
{¶ 1} Defendant-appellant Richard M. Zimmerman appeals, pro se, from a judgment of the Dayton Municipal Court, Small Claims Division, holding that he had failed to honor an oral contract to pay for tuck pointing work performed by Norman L. Fitzpatrick on a rental property owned by Zimmerman in the city of Dayton.
 {¶ 2} The parties met through a mutual acquaintance while Fitzpatrick was performing brick laying and tuck pointing work near a residential property owned by *Page 2 
Zimmerman. In July of 2005, Zimmerman contacted Fitzpatrick about performing tuck pointing work on Zimmerman's rental property. They met at the property shortly thereafter and mutually inspected the premises. After Zimmerman declined to move forward with a large scale project on the entire property, they agreed that Fitzpatrick would perform tuck pointing work on two attached chimneys and two porches, and lay a footer at the corner of an unattached garage. Fitzpatrick did not provide a firm estimate. Rather, he indicated that the cost for the work would be based on his hourly rate of forty five dollars per hour plus materials. Fitzpatrick indicated that the work would cost a total of roughly $800.00 to $1,000.00. Zimmerman agreed to this estimate and requested that Fitzpatrick start on the repairs as soon as possible.
 {¶ 3} Fitzpatrick proceeded with the job and contacted Zimmerman at the end of July to inform him that the project was completed. The men arranged to meet at the property so Zimmerman could inspect the work and pay Fitzpatrick. At the site, Zimmerman was occupied by business phone calls and unable to thoroughly inspect the premises. Nonetheless, he paid Fitzpatrick $1,000.00 by check and stated that he would contact Fitzpatrick if there were any problems with the work.
 {¶ 4} Zimmerman attempted to contact Fitzpatrick the next day because he felt the work was of substandard quality. When his calls were not returned, Zimmerman stopped payment on the check he had provided. The men continued to make efforts to speak to one another, but did not have any further conversations. On November 23, 2005, Fitzpatrick filed suit in small claims court seeking payment of the $1,000.00.
 {¶ 5} At trial, both men acknowledged an agreement to perform work on the residence at a rate of forty-five dollars an hour for a total of approximately $1,000.00. *Page 3 
After Fitzpatrick's testimony, Zimmerman submitted photographs to the court in an attempt to refute Fitzpatrick's assertion that he had performed the work completely and in a workmanlike fashion. He claimed that Fitzpatrick did not fully complete the work on the chimneys, one of which continued to leak, and failed to complete the work on the porches and garage. Fitzpatrick responded by asserting that he did exactly what was promised: patching the top areas of both chimneys, replacing loose bricks on the porches, and laying a footer at one corner of the free-standing garage. Fitzpatrick further testified that if he had completed all the work Zimmerman claimed he expected to be done, the cost would have been more than double the original estimate. Moreover, Fitzpatrick testified that he had spent well in excess of the nineteen hours he originally estimated on the project due to excessive deterioration of the material used to seal the brick work in previous attempts to repair the premises.
 {¶ 6} On January 20, 2006, the magistrate who heard the evidence recommended awarding $1,000.00 plus interest to Fitzpatrick. On June 29, 2006, after considering Zimmerman's objections, the trial court adopted the magistrate's report and recommendation. Neither the magistrate's recommendation nor the judgment provided any specific reasons for finding in favor of Fitzpatrick. Zimmerman filed a timely appeal.
 {¶ 7} Although Zimmerman does not set forth an assignment of error in his brief, he essentially argues that the trial court's judgment is against the manifest weight of the evidence.
 {¶ 8} The Ohio Supreme Court recently clarified that separate manifest weight standards exist for civil and criminal cases. State v.Wilson, 113 Ohio St.3d 382, 2007-Ohio-2202, *Page 4 865 N.E.2d 1264. The civil standard is that "judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." CE. Morris Co. v. Foley Constr.Co., 54 Ohio St.2d 279, 376 N.E.2d 578, syllabus. When reviewing a judgment under this standard, a court must presume that the findings of the trier of fact are correct. Seasons Coal Co., Inc. v. Cleveland
(1984), 10 Ohio St.3d 77, 80-81, 461 N.E.2d 1273. This presumption arises because the trial judge had an opportunity "to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony. * * * A reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not."Wilson, 2007-Ohio-2202, at _24. "Thus, the civil manifest weight of the evidence standard affords the lower court more deference then does the criminal standard." Id. at _26.
 {¶ 9} After examining the evidence, we find that the trial court's conclusion is supported by competent, credible evidence. Fitzpatrick submitted evidence that showed an initial estimate for tuck pointing the entire surface of both chimneys to be thirty to forty hours of work for a total cost of $1,800.00. Both parties agreed that Zimmerman stated he did not want to spend that much money on the work and the areas to be repaired were reduced from Fitzpatrick's original recommendation. Fitzpatrick testified that as a result of the meeting between the parties, he agreed to *Page 5 
perform tuck-pointing work around the top of both chimneys and a few small areas around the two porches, and to replace a concrete footer at the corner of the garage. Moreover, Fitzpatrick testified about specific areas where he had completed work and the reasons for the "sloppy" appearance of his work. Specifically, he stated that the excessive grout residue on the chimney was a common result of patch work done to existing structures, and that prior attempts to seal the chimney were done using inferior grout that easily deteriorated.
 {¶ 10} Zimmerman asserted that the work was not performed competently or in a workmanlike fashion. However, he presented no evidence as to what a competent tuck pointer would have done differently or whether his expectations were objectively reasonable. Zimmerman did submit photos in an attempt to undermine Fitzpatrick's testimony that the work was done satisfactorily, including a photo of a neighboring chimney that was recently tuck pointed. However, the trial court could have reasonably concluded that the work depicted in the photos was not markedly different than that provided by Fitzpatrick and that the photos did not reveal defective workmanship. Further, the photos show that tuck pointing was performed in all of the areas encompassed by the parties' agreement, and that concrete was poured for the garage footer. Based upon the photos and the testimony of Fitzpatrick, the trial court could have reasonably concluded that Fitzpatrick worked in excess of twenty three hours on the project. The trial court's finding was supported by competent, credible evidence. Therefore, Zimmerman's apparent assignment of error is overruled.
 {¶ 11} The judgment of the trial court will be affirmed. *Page 6 
 GRADY, J. and DONOVAN, J., concur. *Page 1