DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal of a judgment by the Lucas County Court of Common Pleas denying appellant's Civ.R. 59 motion for new trial. Negligence was admitted by appellee. However, appellee denied the proximate cause and liability. Following jury trial, a verdict was entered in favor of appellee. The jury determined that appellant's injuries were not proximately caused by appellee. Based upon this conclusion, no *Page 2 
damages were awarded to appellant. Appellant filed a motion for new trial. It was denied. For the reasons set forth below, the judgment of the trial court is affirmed.
 {¶ 2} Appellant, Pearl Kasakaitas, sets forth the following single assignment of error:
 {¶ 3} "The trial court erred in denying plaintiff-appellant's Civ.R. 59(A)(6) motion for a new trial."
 {¶ 4} The following undisputed facts are relevant to the issues raised on appeal. This case arises from a motor vehicle accident which occurred on Central Avenue in Sylvania Township, Ohio, on June 16, 2003.
 {¶ 5} On June 16, 2003, appellant was driving her vehicle westbound at the intersection of Central Avenue and I-475. Appellee negligently changed lanes, causing a city truck to shift into the lane in which appellant was traveling. The truck, swerving to avoid appellee, struck appellant's vehicle.
 {¶ 6} Immediately following the collision, appellant exited her vehicle and assisted in directing the traffic congestion generated by the collision. When the police arrived, appellant indicated that no one was injured. Appellant first sought medical treatment from her family physician several days after the accident. Appellant equivocated with her physician on whether the accident caused her back pain symptoms or whether the symptoms were caused by recently being on her feet for an extended period of time. *Page 3 
 {¶ 7} The record establishes that appellant suffered pre-existing back issues and symptoms for approximately 15 years prior to the motor vehicle accident underlying this case. Appellant underwent lumbar spinal surgery in 1989. Appellant was simultaneously treated with nerve block injections in her lower back. Appellant continued to treat intermittently with prescription medication for her lower back pain in the years intervening between her back surgery and this accident. Approximately a month after this accident, an MRI was conducted of appellant's lower back. The MRI reflected chronic change, but no acute injury.
 {¶ 8} Appellant filed suit against appellee alleging negligence in January 2005. Prior to the commencement of trial, appellee conceded negligence. Appellee denied proximate cause and liability. On May 15, 2006, the case proceeded to jury trial. The jury returned a verdict in favor of appellee. Appellant filed a motion for new trial pursuant to Civ.R. 59(A)(6), alleging the judgment was against the weight of the evidence. On July 12, 2006, appellant's motion for new trial was denied. A timely notice of appeal was filed.
 {¶ 9} In her sole assignment of error, appellant argues that the trial court erred and abused its discretion in denying her motion for new trial. The decision whether to grant a motion for new trial pursuant to Civ.R. 59 rests well within the sound discretion of the trial court.Gerke v. Norwalk Clinic Inc., 6th Dist. No. H-05-009, 2006-Ohio-5621. Unless the weight of the record of evidence supported a contradictory finding, appellate courts must defer to the conclusion of the trial court, as it is better equipped than the *Page 4 
appellate court to view the witnesses, observe their demeanor, gestures, voice inflections, and use these observations in weighing the credibility of conflicting evidence and testimony. Seasons Coal Co. v.City of Cleveland (1984), 10 Ohio St.3d 77, 80.
 {¶ 10} It is well established that judgments or verdicts in civil cases that are supported by some competent, credible evidence will not be reversed as being against the manifest weight of the evidence.CE. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 280. The Supreme Court of Ohio has stated, "a reviewing court shall not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. The finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not." State v. Wilson, 113 Ohio St.3d 382.
 {¶ 11} We must apply the above legal framework governing our review of a Civ.R. 59 determination to determine whether or not the trial court abused its discretion in denying appellant's motion for a new trial.
 {¶ 12} Our review of the record in this matter establishes that it contains numerous critical evidentiary discrepancies pertaining to proximate cause. Immediately following the accident, appellant clearly indicated to the responding police officers that she was not injured. When appellant sought treatment from her physician several days later, she equivocated that her symptoms may have been caused by standing too long rather than by the accident. *Page 5 
 {¶ 13} A follow-up MRI of appellant's lower back revealed no acute injury. Appellant has suffered from chronic lower back issues and symptomatology for many years. Appellant's own physician conceded that there were numerous issues with appellant that could be causing her complaints of lower back pain. Significantly, appellant's medical history included prior back issues, prior motor vehicle accidents, and other potential proximate cause factors that were not refuted.
 {¶ 14} Based upon our review of the record of evidence in this matter, we find that appellant failed to establish proximate cause. She was not entitled to an award of damages. We are not persuaded that the trial court abused its discretion in denying appellant's motion for a new trial. The verdict was supported by the record of evidence. Appellant's assignment of error is found not well-taken.
 {¶ 15} On consideration whereof, we find that substantial justice was done. The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT AFFIRMED. *Page 6 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., William J. Skow, J., Thomas J. Osowik, J. concur. *Page 1