JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, John Wilson, appeals from a common pleas court order finding him to be a sexual predator. Appellant's counsel has filed a brief arguing that the evidence presented at the sexual predator hearing was insufficient to prove by clear and convincing evidence that the appellant was a sexual predator. Appellant has filed a supplemental pro se brief in which he asserts that the court abused its discretion by denying his pro se motion to present evidence, call witnesses and testify. He also urges that the court erred by finding that he used force against the victim. Finally, he claims his attorney in the sexual predator hearing provided ineffective assistance by failing to object to factual errors alleged by the prosecution.
 {¶ 2} We find competent credible evidence supported the court's finding that the state proved by clear and convincing evidence that appellant is likely to engage in one or more sexually oriented offenses in the future. Therefore, we affirm.
 {¶ 3} Appellant was indicted on nine counts of rape and eleven counts of gross sexual imposition in an indictment filed February 14, 1986. The indictment alleged that the crimes occurred between May 1, 1983 and December 31, 1984, and that the victim, A.S., was a child under the age of 13 at the time. Following a jury trial, appellant was convicted of two counts of rape and two counts of gross sexual imposition without the use of force or threat of force. In a judgment entered May 7, 1986, the court sentenced appellant to a term of ten to twenty-five years' *Page 4 
imprisonment on the first rape charge, and five to twenty-five years' imprisonment on the second rape charge, to be served consecutively to one another and consecutively to the sentence on the gross sexual imposition charges. The court further sentenced the appellant to two concurrent terms of one and one-half years' imprisonment on the gross sexual imposition charges. This court affirmed appellant's convictions.State v. Wilson (May 4, 1987), Cuyahoga App. No. 52031.
 {¶ 4} On September 14, 2001, appellant filed a "motion for appointment of a public defender to assist defendant in the sexual predator classification hearing proceedings to be held in the instant case." However, the state did not request a sexual predator classification hearing until May 3, 2006. In its request, the state informed the court that appellant was scheduled to be paroled on June 26, 2006. The classification hearing was rescheduled several times; appellant was released on parole in the interim. The hearing was ultimately conducted on June 25, 2007.
 {¶ 5} The documentary evidence before the court at the sexual predator hearing included (1) a letter from the court psychiatric clinic indicating that appellant declined to participate in a sexual predator evaluation; (2) appellant's institutional record with the Ohio Department of Rehabilitation and Correction, including the pre-parole clinical risk assessment; (3) this court's opinion on appellant's appeal from his original conviction; and (4) certified copies of appellant's convictions of robbery in three other separate cases, his conviction of theft in a fourth case, and the journal entry in this case. *Page 5 
 {¶ 6} According to the prosecutor, the victim was eight years old at the time of the first offense. The prosecutor indicated that on May 1, 1983, while the victim was watching television at appellant's home, appellant called the victim into a bedroom, undressed both the victim and himself, and fondled the victim's penis. Appellant also performed oral sex on the victim and anally raped him. Finally, appellant had the victim perform oral sex on him. Then he took the victim back to the other room and watched television with him. The prosecutor further highlighted a letter from the victim to a counselor which was introduced at trial and was discussed in the appellate opinion. In this letter, the victim described what appellant had done to him, and said that he had been afraid to tell the counselor about these events so he had to write about it instead. The victim also said he was afraid of appellant and did not want to go home because of him.
 {¶ 7} At the conclusion of the hearing, the court determined that the state had proved by clear and convincing evidence that the appellant would more likely than not commit another sex offense in the future, and therefore appellant was a sexual predator.
 {¶ 8} We address appellant's supplemental arguments first. In his first supplemental assignment of error, appellant raises two issues: (1) the court's alleged denial of his pro se motion to be allowed to testify, present evidence, call witnesses, and cross-examine witnesses, and (2) the court's alleged finding that appellant used force or the threat of force in committing the offenses. We address *Page 6 
each in turn.
 {¶ 9} Appellant has attached to his brief a copy of the first page of a motion entitled "motion to be allowed to testify, present evidence, call lay and expert witnesses to testify and cross-examine those witnesses, in the sexual predator classification hearing to be held in the instant case." This document is time stamped September 14, 2001. However, no such document appears on the docket in this case. The only document which the docket reflects as having been filed on September 14, 2001 is a motion for appointment of counsel for the sexual predator hearing. The court could not rule on a motion that was not pending in the case before it.
 {¶ 10} Even if the failure to file and docket the motion was a clerical error by the clerk's office, appellant should have discovered and sought to correct this error in the trial court long before now. Appellant did not even attempt to bring the motion to the court's attention when the state requested a sexual predator hearing nearly five years after his motion was supposedly filed. Consequently, we find appellant abandoned the motion. Therefore, we overrule this portion of the first supplemental assignment of error.
 {¶ 11} Appellant complains that, in the sexual predator hearing, the court found that he used force even though the jury at his trial concluded that he did not use force. We disagree with appellant's characterizations of the court's findings. The court found that the victim was afraid of appellant and felt threatened by him. Fear is *Page 7 
not synonymous with force. Therefore, we also reject this portion of the first supplemental assignment of error.
 {¶ 12} In his second supplemental assignment of error, appellant contends that his attorney provided ineffective assistance by failing to object to the prosecutor's inaccurate representations concerning the ages of the victim and appellant at the time of the offense and the period of time during which the offenses occurred. Assuming that the concept of ineffective assistance of counsel even applies to this civil proceeding, in order to demonstrate ineffective assistance of counsel, appellant must show that 1) the performance of defense counsel was seriously flawed and deficient, and 2) the result of the proceedings would have been different had defense counsel provided proper representation. Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed. 2d 674; State v. Brooks (1986), 25 Ohio St.3d 144, 25 Ohio B. 190, 495 N.E.2d 407.
 {¶ 13} Appellant has not demonstrated that the result of his hearing would have been different if his attorney had objected to these inaccuracies. The specific inaccuracies cited by appellant do not alter the conclusions to be drawn from the facts. The specific ages of appellant and the victim, and the specific date of the first offense are not in themselves as important as the more general fact that appellant was an adult and the victim was a pre-pubescent child. The precise length of time during which the assaults occurred is not so important as the fact that they occurred on multiple occasions. These relatively minor inaccuracies did not affect the *Page 8 
outcome of the proceedings. Therefore, we overrule the second supplemental assignment of error.
 {¶ 14} In his single assignment of error, appellant's counsel argues that the evidence presented at the sexual predator determination hearing was insufficient to prove by clear and convincing evidence that appellant is likely to engage in one or more sexually oriented offenses in the future. Former R.C. 2950.01(E) defined a sexual predator as a person who has been convicted of a sexually oriented offense and who is likely to engage in the future in one or more sexually oriented offenses. Former R.C. 2950.09(B)(3) lists some of the relevant factors the court is required to consider. These include (1) the offender's age; (2) the offender's criminal record; (3) the victim's age; (4) whether multiple victims were involved; (5) whether the offender used drugs or alcohol to impair the victim or prevent the victim from resisting; (6) whether the offender participated in available programs for sexual offenders; (7) any mental illness or disability of the offender; (8) the nature of the offender's sexual interaction with the victim and whether the conduct was part of a demonstrated pattern of abuse; (9) whether the offender displayed cruelty during the commission of the offense; and (10) any additional behavioral characteristics that contributed to the offender's conduct.
 {¶ 15} There is some competent credible evidence in the record to support the court's determination that appellant is likely to engage in the future in one or more sexually oriented offenses. State v.Wilson, 113 Ohio St.3d 382, 2007-Ohio-2202, ¶ 32. *Page 9 
Appellant engaged in a variety of sexual acts over an extended period of time with an eight-to nine-year-old boy. The victim feared appellant. Appellant had a history of violent offenses prior to this offense. His personality is hostile and angry and he has difficulty controlling his angry impulses. The pre-parole clinical assessment indicated that appellant's age now mitigates the likelihood of violence and aggression, but "it does not mitigate sexual re-offending." The pre-parole clinical assessment also indicated that appellant enrolled in a sex offender program while in prison because he was told to do so, not because he viewed himself as a sexual offender. The report concluded that this participation was not genuinely satisfactory and that appellant remained untreated. These factors amply support the trial court's determination that appellant is a sexual predator.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, JUDGE COLLEEN CONWAY COONEY, P.J., and *Page 10 
ANTHONY O. CALABRESE, JR., J., CONCUR *Page 1