JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Mark Yost, appeals from a common pleas court order finding him to be a sexual predator. He argues that the state failed to prove by clear and convincing evidence that he was likely to engage in future sexually oriented offenses. We find competent credible evidence supported the trial court's finding that the state proved by clear and convincing evidence that appellant was likely to engage in one or more sexually oriented offenses in the future. Therefore, we affirm.
 {¶ 2} In an indictment filed on March 14, 2007, appellant was charged with ten counts of unlawful sexual conduct with a minor. On May 21, 2007, he pleaded guilty to one count; the remaining counts were nolled. The court conducted a combined sexual predator and sentencing hearing on July 12, 2007, after which it classified appellant as a sexual predator and sentenced him to twelve months' imprisonment followed by five years' post-release control.
 {¶ 3} The sexual predator evaluation prepared by the court psychiatric clinic indicates that appellant was a twenty-two-year-old male, never married, and never having resided with a significant other for two years or more. He was previously diagnosed with bipolar disorder, attention deficit-hyperactivity disorder ("ADHD") and schizophrenia. The court psychiatric clinic concluded that appellant suffered from an unspecified mood disorder characterized by periods of depression and anger control problems. He also suffered from ADHD and polysubstance dependence, including alcohol and marijuana. Finally, the clinic made a provisional diagnosis of antisocial personality disorder, based on behavioral problems *Page 5 
appellant exhibited as a teen, and possible mild mental retardation, based upon his measured IQ of 62.
 {¶ 4} During his interview with the social worker conducting his evaluation, appellant denied engaging in sexual activity with the victim. At the sexual predator classification hearing, however, he admitted that this statement was not true. Appellant's attorney reported that appellant had met the thirteen-year-old victim on the Internet; on her web page, she claimed to be eighteen years old. The ABEL assessment indicated that appellant had a significant sexual interest in adolescent and adult females, but rated the notion of sexual activity with adolescent females as "highly sexually disgusting" and with adult females as "slightly sexually disgusting."
 {¶ 5} The Static-99 recidivism estimate calculated that appellant presented a 26% risk of reoffending within five years, 31% risk of reoffending within ten years, and 36% risk of reoffending within fifteen years.
 {¶ 6} Appellant's criminal history included an arrest for gross sexual imposition, but no conviction. He admitted he was frequently involved in fighting and had regular problems controlling his temper. The court concluded that the Static-99 assessment may have been erroneously low by failing to assess any points for appellant's history of non-sexual violence.
 {¶ 7} The court found "troublesome" (1) appellant's history of violence and anger, particularly taken together with the provisional diagnosis of antisocial personality disorder; (2) his denial that he engaged in sexual relations with the victim, and (3) his evaluation of the *Page 6 
notion of any sexual activity as either highly or slightly disgusting. Further, the court concluded that the 26% chance of recidivism was "very high," and clear and convincing evidence that appellant would reviolate. Therefore, the court found appellant to be a sexual predator.
 {¶ 8} Appellant contends that the state failed to present clear and convincing evidence that he was likely to engage in sexually oriented offenses in the future. Under former R.C. 2950.01(E) and 2950.09(B)(4), in order to find an offender is a sexual predator, the court must find, by clear and convincing evidence that the offender is likely to engage in the future in one or more sexual offenses. "[C]lear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." Cross v. Ledford (1954), 161 Ohio St. 469,477, quoted with approval in State v. Eppinger, 91 Ohio St.3d 158, 164,2001-Ohio-247.
 {¶ 9} In making a determination whether an offender is a sexual predator, R.C. 2950.09(B)(3) directs the court to consider all relevant factors, including but not limited to the offender's age and the age of the victim; the defendant's prior criminal record; whether the offense involved multiple victims; whether the offender used drugs or alcohol to impair the victim; if he was previously convicted of a criminal offense, whether the offender *Page 7 
participated in any programs for sexual offenders; any mental illness or disability; the nature of the sexual conduct with the victim and whether it was part of a demonstrated pattern of abuse; whether the offender displayed cruelty during the commission of the offense; and any other behavioral characteristics that contribute to his conduct.
 {¶ 10} Appellant contends that only two of these factors indicate a likelihood of recidivism, his own age and the age of the victim. He denies that his history of anger, violence, and substance abuse, and his evaluation of all sexual conduct as "disgusting," have any bearing on his likelihood of reoffending, and asserts the court's reliance on them was improper.
 {¶ 11} The determination whether an offender is likely to reoffend is an inexact science. The factors the court relied upon were not patently irrelevant to the risk that appellant would reoffend, as appellant would have us believe. With respect to appellant's history of anger and violence, the Static-99 takes account of the offender's history of non-sexual violence in evaluating the likelihood that he will reoffend. Although the social worker assessed appellant no points for this factor, the court was not wrong to consider it anyway, and to conclude that his likelihood of reoffending was therefore higher than that suggested by the Static-99 score the social worker assessed. Substance abuse often has the effect of lowering inhibitions against socially unacceptable conduct. Finally, the offender's generally negative attitude about sex with males or females of any age is likely to be relevant to his future sexual conduct. *Page 8 
 {¶ 12} We find some competent credible evidence to support the trial court's determination that the state proved by clear and convincing evidence that appellant was a sexual predator. See State v. Wilson,113 Ohio St.3d 382, 2007-Ohio-2202, ¶ 42. Accordingly, we overrule the appellant's sole assignment of error and affirm the trial court's decision.
 It is ordered that appellee recover from appellant costs herein taxed.
 The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to
 Rule 27 of the Rules of Appellate Procedure.
 JAMES J. SWEENEY, A.J. and MARY J. BOYLE, J., CONCUR *Page 1