DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Laura Gene Chisnell ("Laura"), appeals from the decision of the Wayne County Court of Common Pleas dismissing her cross-claim.
 I. {¶ 2} Laura and the decedent, Doyle Chisnell ("Doyle") were married on September 10, 1983. Doyle had six children prior to his marriage to Laura. Doyle issued his last will and testament on February 15, 1997, in which he bequeathed a remainder interest in his home to his children. He specifically noted that the remainder interest was subject to the "adjustment or deduction to be made from their respective share in said real estate for sums which I advanced to them during my life[.]" He then noted the amount of the deductions as to Brian Chisnell ("Brian"), Nancy Esterly ("Nancy"), Susan Chisnell-Spires ("Susan"), Laurie Mason ("Laurie"), and Kevin Chisnell ("Kevin") (collectively referred to as "the Chisnell children"). He noted that *Page 2 
there would be no reductions from the share of his remaining child, Mara Rudolph ("Mara"). Doyle appointed Mara as executrix of his will. Doyle died on January 27, 1998.
 {¶ 3} The instant case stems from an action Mara filed in the Wayne County Court of Common Pleas. Mara instituted a complaint in partition against her siblings and her step-mother, Laura. In her answer, Laura filed a cross-claim, alleging that Brian, Nancy, Laurie, and Kevin, had failed to repay loans she had made to them, as evidenced in Doyle's last will and testament. Laurie filed an answer to the cross-claim, and Nancy wrote a letter to the trial court that the trial court accepted as an answer. Kevin did not file a response. Laura subsequently dismissed Brian from the case. The trial court granted a default judgment as to Kevin.
 {¶ 4} On December 17, 2007, the trial court held a hearing on the complaint in partition and on Laura's cross-claim. With regard to the cross-claim, the trial court heard testimony from Nancy and Laura. On January 15, 2008, the trial court entered judgment, dismissing Laura's cross-claim. Laura timely appealed from this decision, raising one assignment of error for our review.
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED IN THAT THE JUDGMENT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN FINDING THAT [LAURA] FAILED TO PROVE HER CROSS-CLAIM BY A PREPONDERANCE OF THE EVIDENCE."
 {¶ 5} In her sole assignment of error, Laura contends that the trial court erred in that the judgment was against the manifest weight of the evidence in finding that she failed to prove her cross-claim by a preponderance of the evidence. We do not agree.
 {¶ 6} This Court applies the standard of review set forth in C.E.Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus, when analyzing a civil manifest weight *Page 3 
argument. The Huntington Natl. Bank v. Chappell, 9th Dist. No. 06CA008979, 2007-Ohio-4344, at ¶ 4, citing State v. Wilson,113 Ohio St.3d 382, 2007-Ohio-2202, at ¶ 24. "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." Wilson at ¶ 24, quoting C.E.Morris at syllabus. When applying the aforementioned standard, a reviewing court "has an obligation to presume that the findings of the trier of fact are correct." Wilson at ¶ 24, citing Seasons Coal Co.,Inc. v. Cleveland (1984), 10 Ohio St.3d 77, 80-81. This is because the trier of fact is in the best position "to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony."Seasons Coal, 10 Ohio St.3d at 80. While "[a] finding of an error in law is a legitimate ground for reversal,[ ] a difference of opinion on credibility of witnesses and evidence is not." Id. at 81. Thus, in a civil manifest weight of the evidence analysis, a reviewing court may not simply "reweigh[ ] the evidence and substitute[ ] its judgment for that of the [trier of fact]." Wilson at ¶ 40. Compare State v.Thompkins (1997), 78 Ohio St.3d 380, 387 (describing the reviewing court's role in analyzing a criminal manifest weight of the evidence argument as that of the "thirteenth juror"). Upon review of the evidence before the trial court, we find that the trial court's decision was supported by some competent, credible evidence. Therefore, we find that the trial court's decision was not against the manifest weight of the evidence.
 {¶ 7} In her cross-claim, Laura brought an action for money owed against Brian, Nancy, Laurie, and Kevin. At the hearing on this issue, Laura presented Doyle's last will and testament. In section two of the will, Doyle bequeathed a life estate to Laura of property located at 400 E. Clinton St., Doylestown, Ohio. After the life estate terminated, the remainder was to *Page 4 
go to his children "with the following adjustments or deduction to be made from their respective share in said real estate for sums whichI advanced to them during my life[.]" (Emphasis added.) At best, this evidence shows that Doyle had loaned money to his children.
 {¶ 8} Laura also presented a letter written from Doyle to his children. The letter requested repayment of the loans made to the children. Laura specifically takes issue that `"[n]o where in the trial court's decision or judgment is there any mention of Doyle's letter." However, "absent a showing to the contrary, `a reviewing court will presume that the trial court considered only properly admitted evidence when it acts as the trier of fact in a bench trial.'" O'Bryon v.Poff, 9th Dist. No. 02CA0061, 2003-Ohio-3405, at ¶ 21, quoting City ofAkron v. Fowler, 9th Dist. No. 21327, 2003-Ohio-2844, at ¶ 7. As the letter was admitted at trial, we presume the trial court considered it. The fact that the trial court did not specifically refer to this exhibit does not lead to the conclusion that it did not consider it.
 {¶ 9} Further, the trial court noted that "loans to Nancy Esterly from her father began two years before he and Laura were married." Our review of the record shows that Laura testified that she and Doyle were married on September 10, 1983. Nancy testified that she borrowed money from her father sometime between 1981 and 1983. Laura further testified that she did not issue a promissory note or sign any other agreement as it pertained to the loan from her father.
 {¶ 10} Laura requests that this Court reweigh the evidence before the trial court. However, as we stated above, when reviewing a civil case for the manifest weight of the evidence, this Court many not simply reweigh the evidence. See Wilson, supra, at ¶ 40. Rather, we are required to affirm the trial court if the decision is based on some competent, credible evidence. Wilson, supra, at ¶ 24. Therefore, based on the written language of the will and *Page 5 
Nancy's testimony, we find some competent, credible evidence to support the trial court's decision that the loans at issue were not payable to Laura. Accordingly, Laura's sole assignment of error is overruled.
 III. {¶ 11} Laura's sole assignment of error is overruled and the judgment of the Wayne County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
 SLABY, J., DICKINSON, J. CONCUR *Page 1