DECISION AND JOURNAL ENTRY
 INTRODUCTION {¶ 1} Jeffrey Arbogast moved to modify his child support obligation, arguing that his income had decreased substantially. Laura Arbogast did not produce any documents regarding her income and did not appear for the modification hearing. A magistrate found that she earned $68 an hour based on a comment she had made in chambers during a previous hearing. The magistrate determined that Mr. Arbogast's child support payments should be reduced, that Ms. Arbogast should obtain health insurance for the children, and that Ms. Arbogast should pay Mr. Arbogast's attorney's fees. The trial court overruled Ms. Arbogast's objections and entered judgment against her. Ms. Arbogast has argued that the court incorrectly entered judgment against her because she did not receive notice of the hearing, because there was no evidence to support its income finding, because Mr. Arbogast should also be required to provide health insurance for the children, and because its award of attorney's fees was inequitable. This Court *Page 2 
reverses because there is no competent, credible evidence in the record to support the trial court's income finding for Ms. Arbogast.
 FACTS {¶ 2} The Arbogasts, who divorced in 1999, have two minor children. At the time of the divorce, the trial court designated Ms. Arbogast the children's residential parent, ordered Mr. Arbogast to maintain health insurance for the children, and ordered him to pay $354 per month per child as child support.
 {¶ 3} In October 2006, Mr. Arbogast moved to modify the support order, arguing there had been a substantial change in circumstances. He alleged that his income had decreased while Ms. Arbogast's had increased. On December 29, 2006, a magistrate held a hearing on the motion, but continued it because Ms. Arbogast had not responded to Mr. Arbogast's discovery request.
 {¶ 4} Ms. Arbogast did not provide Mr. Arbogast any information about her income and did not appear for the rescheduled hearing. At the hearing, Mr. Arbogast testified that Ms. Arbogast had been fired from her previous job, but that she was very talented with computers and had been working through a temporary employment agency for three or four months. His lawyer recalled that Ms. Arbogast said "she was making about $68 an hour with the temp agency." When the magistrate asked if she had heard the number correctly, Mr. Arbogast repeated his lawyer's statement. The magistrate issued a decision taking "judicial notice that [Ms. Arbogast] stated in chambers to the Magistrate and opposing counsel that she was employed through a temporary agency and earning $68 per hour at the December 29, 2006, hearing. . . ." She found that Mr. Arbogast's child support obligation should be reduced, that Ms. Arbogast should be responsible for providing health insurance for the children if it was *Page 3 
available to her at a reasonable cost, and that she should pay Mr. Arbogast's attorney's fees for the two modification hearings.
 {¶ 5} Ms. Arbogast objected to the magistrate's decision, arguing that she did not receive notice of the rescheduled hearing, that the magistrate improperly took judicial notice that she was making $68 per hour, that she only makes $42 per hour, that she should not be responsible for providing health insurance for the children, and that the magistrate improperly awarded attorney's fees. Following a hearing on her objections, the trial court overruled them. The court found that the original hearing had been continued because Ms. Arbogast had not provided discovery and so she could retain counsel. It found that she had received notice of the rescheduled hearing and that she still had not retained counsel by the date of the second hearing. It determined that, although the magistrate should not have taken judicial notice of her income, her statement in chambers was admissible as a statement against interest. It concluded that she was precluded by the doctrine of invited error from challenging the magistrate's income calculation. It also concluded that the magistrate correctly ordered her to obtain health insurance for the children and that the attorney's fee award was equitable considering her reluctance to comply with discovery requests and her failure to appear at the second hearing. Ms. Arbogast has appealed, assigning four errors.
 INCOME DETERMINATION {¶ 6} Ms. Arbogast's second assignment of error is that the trial court incorrectly found that she makes $141,440 because there were no documents or other evidence in the record to support it. Her argument is, in effect, that the court's finding is against the manifest weight of the evidence. *Page 4 
 {¶ 7} In State v. Wilson, 113 Ohio St. 3d 382, 2007-Ohio-2202, at ¶ 26, the Ohio Supreme Court held that the test for whether a judgment is against the weight of the evidence in civil cases is different from the test applicable in criminal cases. According to the Supreme Court inWilson, the standard applicable in civil cases "was explained inC.E. Morris Co. v. Foley Constr. Co., 54 Ohio St.2d 279." Id. at ¶ 24. The "explanation" in C.E. Morris was that "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." Id. (quoting C.E. Morris Co.,54 Ohio St. 2d at 279); but see Huntington Nat'l Bank v. Chappell, 9th Dist. No. 06CA008979, 2007-Ohio-4344, at ¶¶ 17-75 (Dickinson, J., concurring). This Court, therefore, must affirm if the court's finding "is supported by some competent, credible evidence." Wilson, 2007-Ohio-2202, at ¶ 32.
 {¶ 8} At the modification hearing, Mr. Arbogast testified that Ms. Arbogast had been working for NASA, but was now working through a temporary employment agency. After he testified that she had been making at least $33,000 at NASA, his lawyer interjected that "[y]es, I believe she has even volunteered the information that she was making about $68 an hour with the temp agency." The magistrate then asked "[s]ixty-eight?" and the lawyer replied "[o]h, yeah, it was obscene." Mr. Arbogast also stated "[s]he was making $68 an hour now with the temp agency." After calculating what Ms. Arbogast's yearly income was based on that rate, the magistrate asked if "[t]his amount came out when we were having our discussion[?]" Mr. Arbogast's lawyer replied that "[t]hat came from her." The lawyer also explained that she "almost fell out of my chair when [Ms. Arbogast] said how much she was earning . . . and when she said her hourly rate, I remember you and I kind of looked at each other, and it was just like oh, dear God, and then, you know, poor her." *Page 5 
 {¶ 9} This Court concludes that there is no competent, credible evidence in the record to support a finding that Ms. Arbogast makes $68 an hour or $141,440 per year. It was Mr. Arbogast's lawyer, not Mr. Arbogast, who told the magistrate that Ms. Arbogast had volunteered her wage information in chambers during the previous hearing. "[Statements of counsel are not evidence." Corporate Exch. Bldgs. IV V L.P. v.Franklin County Bd. of Revision, 82 Ohio St. 3d 297, 299 (1998). Accordingly, even if Ms. Arbogast made a statement that was against her interest, the lawyer's comment was not sufficient to establish that she made it. Although Mr. Arbogast also stated that "[Ms. Arbogast] was making $68 an hour now with the temp agency," his statement was in response to the magistrate's question of whether she had heard his lawyer correctly. Further, there was no indication whatsoever that she was working 40 hours per week.
 {¶ 10} The magistrate also failed to verify Ms. Arbogast's income as required under Section 3119.05(A) of the Ohio Revised Code. Section 3119.05(A) provides that, "[w]hen a court computes the amount of child support required to be paid under a court child support order . . . [t]he parents' current and past income and personal earnings shall be verified by electronic means or with suitable documents, including, but not limited to, paystubs, employer statements, . . . tax returns, and all supporting documentation and schedules for the tax returns." Although the trial court determined that the magistrate should not have taken judicial notice of Ms. Arbogast's income, it concluded that she invited the error because she did not appear for the hearing and did not provide any discovery. "[W]hen a party fails to respond to a discovery request for information concerning [her] financial situation and [her] income, in an action involving the determination of child support, [however,] it is the duty of the trial court to use the full power of the court to obtain complete information concerning the income and financial affairs of that party. Such action is necessary in order to provide support which is in the children's best *Page 6 
interest, and which reflects a standard of living for the children which they would have enjoyed
if their parents were married and cohabiting." Bowen v. Thomas, 102 Ohio App. 3d 196, 201-02 (1995). "Failure to obtain the necessary financial information renders the court's order arbitrary." Aiello v.Aiello, 3d Dist. No. 13-96-12, 1996 WL 517351 at *2 (Sept. 11, 1996) (applying the predecessor to Section 3119.05(A)). Ms. Arbogast's second assignment of error is sustained. Because the trial court will have to hold a new modification hearing and reconsider the issues presented, her remaining assignments of error are overruled as moot.
 CONCLUSION {¶ 11} There is no competent, credible evidence in the record to support the trial court's income finding for Ms. Arbogast. The judgment of the Medina County Common Pleas Court is reversed, and this matter is remanded for a new modification hearing. Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30. *Page 7 
Costs taxed to Appellee.
 MOORE, P. J. WHITMORE, J. CONCUR *Page 1