[Cite as *Dunn v. Landefeld*, 2010-Ohio-2158.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

NICOLE DUNN,

    PLAINTIFF-APPELLEE,               CASE NO.  9-09-41

    v.

RONALD A. LANDEFELD,             O P I N I O N

    DEFENDANT-APPELLANT.

**Appeal from Marion Municipal Court
Small Claims Division
Trial Court No. 09 CVI 1216**

**Judgment Affirmed**

**Date of Decision:   May 17, 2010**

APPEARANCES:

    *Ronald A. Landefeld,* **Appellant**

    *Nicole Dunn***, Appellee**

**WILLAMOWSKI, P.J.**

{¶1} Defendant-appellant Ronald A. Landefeld ("Landefeld") brings this appeal from the judgment of the Marion Municipal Court, Small Claims Division, granting judgment to plaintiff-appellee Nicole B. Dunn ("Dunn"). For the reasons set forth below, the judgment is affirmed.

{¶2} Landefeld rented an apartment to Chelsea Reyes ("Reyes") and her mother. The lease required the tenants to put the utilities in their own name. Around December, Dunn moved into the apartment and replaced Reyes' mother on the lease. Landefeld notified Reyes and Dunn in January of 2009 that they had three days to get the electricity put in their name, as required by the lease, or it would be shut off. On January 7, 2009, the electricity was turned off and Dunn left the premises. Additionally, Reyes and Dunn chose to permanently leave the premises when they determined they lacked sufficient resources to pay the monthly rent. After Reyes and Dunn had been gone a week, Landefeld and his agent entered the apartment to clean out the trash. The lock on the front door was changed, but not on the back door. Over the next two weeks Reyes moved several items out of the home. Dunn also removed some items, but told Landefeld's agent that she would be back to get the rest of her things. When Dunn returned, she found that Landefeld had allowed other people into the apartment to clean and

paint it. Dunn alleged that several items of her belongings were missing from the apartment at that time.

{¶3} On June 12, 2009, Dunn filed a claim against Landefeld in the Small Claims Court of Marion County, alleging that she had lost property in the amount of $3,000.00. A trial was held on the matter on July 20, 2009. On July 28, 2009, the magistrate recommended that judgment be granted to Dunn in the amount of $3,000.00. Landefeld filed objections to the magistrate's recommendation on August 3, 2009. On September 3, 2009, the trial court overruled the objections and entered judgment in favor of Dunn for $3,000.00. Landefeld appeals from this decision.

{¶4} Although Landefeld's brief does not set forth a specific assignment of error, a review of the brief indicates that Landefeld is arguing that the verdict is against the manifest weight of the evidence.

> **[T]he civil manifest-weight-of-the-evidence standard was explained in *C.E. Morris Co. v. Foley Constr. Co.,* 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus ("Judgments supported by some competent credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence"). We have also recognized when reviewing a judgment under a manifest-weight-of-the-evidence standard, a court has an obligation to presume that the findings of the trier of fact are correct. *Seasons Coal Co., Inc. v. Cleveland* (1984), 10 Ohio St.3d 77,80-81, 10 OBR 408, 461 N.E.2d 1273. This presumption arises because the trial judge had an opportunity "to view the witnesses and observe their demeanor, gestures and voice**

> **inflections, and use these observations in weighing the credibility of the proffered testimony."  Id. at 80, 10 OBR 408, 461 N.E.2d 1273.  "A reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court.  A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not."  Id. at 81, 10 OBR 408, 461 N.E.2d 1273.**

*State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, ¶24, 865 N.E.2d 1264.  In a civil matter, a judgment that is supported by some competent, credible evidence must be affirmed.  Id. at ¶26.

{¶5}   A review of the record in this case indicates that Dunn testified that when she went back to retrieve her belongings from the home, several items were missing.  She further testified as to the approximate value of the items.  Dunn also testified that several items she owned were just placed in the hallway of the building like garbage by Landefeld's agents and that Landefeld had allowed other parties access to the apartment.  Thus, some competent, credible evidence was presented to the court from which the trial court could conclude that Landefeld had removed items belonging to Dunn from the apartment as a method of removing Dunn from the apartment without following the proper statutory procedures.  By doing so, Landefeld is responsible for the loss of those items. The assignment of error is overruled.

{¶6}  Having found no error prejudicial to the appellant, the judgment of the Marion Municipal Court, Small Claims Division is affirmed.

***Judgment Affirmed***

**SHAW and PRESTON, J.J., concur.**

**/jlr**