[Cite as *State v. Hassenruck*, 2018-Ohio-4546.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

    v.

HAROLD DAVID HASSENRUCK

    Appellant

C.A. No.     17CA011230

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    08 CR 077116

DECISION AND JOURNAL ENTRY

Dated: November 13, 2018

CARR, Judge.

{¶1}    Appellant, Harold Hassenruck, appeals the judgment of the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2}    This matter involves a crime that was committed in 2007. Hassenruck was indicted on one count of rape in violation of R.C. 2907.02(A)(1)(b) in relation to the incident. After a competency evaluation was conducted and he was declared competent to stand trial, Hassenruck entered into a plea agreement where he pleaded guilty to rape and the trial court imposed a nine-year prison sentence. Hassenruck was also classified as a Tier III sex offender pursuant to the Adam Walsh Act.

{¶3}    On September 19, 2017, the Ohio Department of Corrections informed the State of Hassenruck's impending release from prison and noted that there might be an issue with his sexual offender classification. Hassenruck was scheduled to be released from prison on October

25, 2017. On September 22, 2017, the State filed a motion for a sexual predator classification hearing. Therein, the State argued that Hassenruck's sex offender classification was void because the offense occurred before January 1, 2008, the date when the Adam Walsh Act became effective. The State asked the trial court to hold a hearing so that Hassenruck could be classified under Megan's Law. The trial court set the matter for a hearing on October 16, 2017. When Hassenruck appeared for the hearing, he indicated that he would like the trial court to appoint counsel. The trial court appointed counsel and rescheduled the hearing for October 23, 2017. On the morning of the hearing, Hassenruck filed a number of motions including a motion to dismiss, a motion for discovery, and a motion for a competency hearing. In support of his motion to dismiss, Hassenruck noted his impending release date and argued that reclassifying him so close to his release date violated his due process rights because he would not be able to adequately prepare for the hearing. The issues raised in the motions were addressed by the trial court prior to the hearing. The trial court ultimately denied the motions and, after the hearing, classified Hassenruck as a sexual predator under Megan's Law.

{¶4} On appeal, Hassenruck raises two assignments of error.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ABUSED ITS DISCRETION IN ORDERING APPELLANT TO SUBMIT TO A MEGAN'S LAW SEXUAL CLASSIFICATION HEARING ON SEVEN DAYS NOTICE AND 35 HOURS PRIOR TO THE EXPIRATION OF HIS PRISON SENTENCE.

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT ABUSED ITS DISCRETION IN DISREGARDING THE OHIO RULES OF EVIDENCE AND OTHERWISE ALLOWING VICTIM IMPACT TESTIMONY AT A MEGAN'S LAW SEXUAL CLASSIFICATION HEARING.

{¶5} In his first assignment of error, Hassenruck argues that the trial court abused its discretion when it proceeded with the sexual offender classification hearing in such a short timeframe. In his second assignment of error, Hassenruck argues that the trial court abused its discretion by allowing improper victim impact testimony. This Court disagrees with both assertions.

## Background

{¶6} After briefly recapping the case's procedural history at the outset of the sexual offender classification hearing, the trial court allowed Hassenruck to make arguments in support his various motions. Hassenruck raised two arguments in support of his motion to dismiss, namely that (1) Megan's Law was unconstitutional; and (2) holding a hearing on an accelerated schedule violated Hassenruck's due process rights. While acknowledging that the trial court had previously found Hassenruck "both competent and criminally sane[,]" defense counsel noted that his meeting with Hassenruck in preparation for the hearing raised concerns about his client's competency. Defense counsel opined that if Hassenruck had any mental health issues prior to entering prison, those issues may have been exacerbated while he was incarcerated. On this basis, defense counsel argued that it would be prejudicial to his client to go forward with the hearing without a competency evaluation. Defense counsel further argued that he had only been on the case for one week which had inhibited his ability to engage in adequate discovery and prepare for the hearing. Defense counsel stressed that "Hassenruck wants this behind him * * * and he doesn't want a continuance. He wants this over. He would like a dismissal today, as he believes is his right."

{¶7} In response, the State emphasized that the notion of "dismiss[ing]" the classification was somewhat misleading because the trial court was not required to determine

whether Hassenruck was guilty or not guilty in a criminal proceeding. Instead, the State argued, the trial court was required to hold a hearing and determine the extent to which Hassenruck was subject to the registration and classification system under Megan's Law. The State further pointed to Ohio Supreme Court precedent in support of the proposition that, unlike the Adam Walsh Act, Megan's Law was remedial, and not criminal, in nature.

{¶8} While the trial court articulated its concerns regarding the time constraints, it further expressed apprehension that the court would lose jurisdiction over the matter if the classification hearing did not go forward prior to the conclusion of Hassenruck's sentence. The trial court ultimately denied the motion to dismiss, noting that Megan's Law had been "vetted enough" for the trial court to be "very comfortable" with the process. The trial court further found that the fact that Hassenruck has been incarcerated for an extended period of time was an insufficient justification to order a competency evaluation. The trial court also denied the request for further discovery.

{¶9} After denying Hassenruck's motions, the trial court proceeded with the hearing as scheduled. The State worked through the factors set forth in former R.C. 2950.09(B) in support of its position that Hassenruck should be classified as a sexual predator. During that discussion, the State mentioned a report from a physician at North Coast Behavioral Health Care. Hassenruck stipulated to the admission of the report during the pretrial process. The report indicated that Hassenruck suffered with mild depression, anxiety, polysubstance dependence, and pedophilia.

{¶10} The State called Detective Adam Freas of the North Ridgeville Police Department to testify at the hearing. Detective Freas testified regarding an incident in 2008 where he was called to a Subway restaurant in response to a voyeurism complaint. Video footage revealed that

a man, later determined to be Hassenruck, was using his cell phone to take photographs of a young girl without her permission. Detective Freas further explained that Hassenruck was known by a different name at the time of that incident. When questioned by police, Hassenruck told a story that he had recently been in prison and wanted to change his name to something "catchy" in order to "start afresh" upon his release. In actuality, Hassenruck had legally changed his name to that of another young girl who lived in a neighboring community. Police subsequently searched Hassenruck's possessions and found a newspaper photograph of a young girl with that name. The text accompanying the photograph indicated that the girl was ten years old and in fourth grade. Detective Freas acknowledged on cross-examination that Hassenruck was never actually convicted of the voyeurism charge.

{¶11} The State also called on the victim's mother ("Mother") to make a statement. The trial court initially noted that it would be unconventional to place someone under oath to deliver what was referred to as a "victim impact statement[.]" Defense counsel objected to the statement on the basis that permitting such a statement would not be "procedurally correct." The trial court ultimately permitted Mother to make a statement but insisted that she do so under oath in order to ensure that her statement was truthful. Mother stated that the victim was just a three-year-old boy at the time of the incident. The victim had been hospitalized due to suicidal ideation and needed extensive counseling. Mother stressed the impact that the offense had had on her family and noted that the victim, who is now a freshman in high school, was worried about Hassenruck's impending release. Mother also discussed her own concerns that Hassenruck had not expressed adequate remorse and that he would be a threat to other families upon his release from prison. Both the State and defense counsel declined to question Mother after she delivered her statement.

{¶12}  At the end of the hearing, the trial court worked through the relevant factors and found Hassenruck to be a sexual predator.

### Due Process

{¶13}  On appeal, Hassenruck argues that his due process rights were violated because the classification hearing was held just seven days after counsel was appointed and immediately preceding his release from prison.  Hassenruck points to the United States Supreme Court's decision in *Cleveland Bd. of Edn. v. Loudermill*, 470 U.S. 532, in support of the proposition that a litigant must have notice of the proceeding and sufficient time to prepare when there is a lapse between the triggering event and the hearing.  Hassenruck further maintains that defense counsel was unable to adequately prepare for the hearing given that there was no time for a competency evaluation.

{¶14}  Hassenruck's notice argument is without merit.  The trial court was required to hold a sexual offender classification hearing under former R.C. 2950.09(B)(1).  Sex offender classification proceedings under former R.C. 2950 were not considered punitive in nature. *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, at ¶ 30-32.  Instead, they were civil proceedings intended to protect the public. *Id*.  The Supreme Court of Ohio recognized that Megan's Law contained a mandatory requirement that the trial court give an offender "notice of the date, time, and location" of the sexual offender classification hearing. *State v. Gowdy*, 88 Ohio St.3d 387, 397 (2000), quoting former R.C. 2950.09(B)(1).  The notice was necessary in order to ensure that counsel had time to "adequately prepare" for the hearing. *Id*. at 398.  In *Gowdy*, the Supreme Court held that a trial court violated the statute by conducting a sexual offender classification hearing on the same day as sentencing without having provided notice of the sexual offender classification hearing. *Id*. at 397-399.  Unlike *Gowdy*, or the circumstances that this Court

confronted in *State v. Linscott*, 9th Dist. Summit Nos. 19947, 20021, 2001 Ohio App. LEXIS 48, *21-23 (Jan. 10, 2001), this case does not involve a scenario where the trial court failed to give Hassenruck written or oral notice of the hearing. Here, after the State filed its motion on September 22, 2017, the trial court promptly issued a journal entry setting the matter for hearing on October 16, 2017. At that time, the trial court appointed counsel and informed Hassenruck that the matter would go forward one week later on October 23, 2017. Thus, Hassenruck, along with newly appointed counsel, had notice of the date, time, and location of the hearing a week in advance in compliance with former R.C. 2950.09(B)(1).

{¶15} Hassenruck further contends that going forward with the hearing on such short notice violated the *Loudermill* standard in that he was not provided a meaningful opportunity to prepare. In support of this position, Hassenruck points to the trial court's own statements regarding the accelerated schedule and the fact that he was unable to have a competency evaluation.

{¶16} Under the circumstances of this case, Hassenruck's argument that seven days was not an adequate amount of time to prepare for the hearing is purely speculative. While the trial court expressed a degree of concern regarding the accelerated nature of the proceedings, it ultimately exercised its judgment to move forward with the sexual offender classification hearing. Hassenruck has not explained on appeal how the trial court's application of the pertinent factors might have been different if he had additional time to prepare. To the extent that Hassenruck argues that he was prejudiced because the trial court denied his request for a competency evaluation, we note that, with respect to the amount of due process required, the "need to protect the public from convicted sex offenders whose recidivism rates are known to be 'alarming' outweigh[s] the 'significant and often harsh consequences for offenders[.]'" *State v.*

*Kahn*, 8th Dist. Cuyahoga No. 104360, 2017-Ohio-4067, ¶ 17, quoting *State v. Ferguson*, 120 Ohio St.3d 7, 2008-Ohio-4824, ¶ 32, 35. As former R.C. Chapter 2950 is civil and remedial in nature, there is no requirement that a trial court hold a competency hearing prior to holding a sexual offender classification hearing. *See Kahn* at ¶ 19. Here, defense counsel's request for a competency evaluation was based on his observations of Hassenruck when they met in preparation for the sexual offender classification hearing. Hassenruck was found competent prior to trial. In rejecting defense counsel's request, the trial court concluded that the fact that Hassenruck had spent time in prison was not a sufficient basis to revisit the issue. Under these circumstances, Hassenruck has not demonstrated that the trial court was unreasonable, arbitrary, or unconscionable in proceeding with the sexual offender classification hearing without ordering a second competency evaluation. *See Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶17} Hassenruck's first assignment of error is overruled.

### Mother's Statement

{¶18} In his second assignment of error, Hassenruck contends that the trial court failed to apply the Ohio Rules of Evidence by allowing Mother to give a "victim impact statement" under oath at the sexual offender classification hearing. This Court disagrees.

{¶19} As an initial matter, "[a] sexual predator determination hearing is similar to sentencing or probation hearings where it is well settled that the Rules of Evidence do not strictly apply." *State v. Wright*, 9th Dist. Summit No. 18941, 1999 Ohio App. LEXIS 2980, *5 (June 23, 1999), quoting *State v. Cook*, 83 Ohio St.3d 404, 425 (1998). It follows that the trial court was not required to strictly apply the Ohio Rules of Evidence in conducting the hearing in this matter.

{¶20} Hassenruck contends that Mother's statement that was referred to as a victim impact statement was improperly used as an "emotional ploy." In addressing this contention, we

first must clarify that Mother's statement was not a victim impact statement as defined by statute. Pursuant to R.C. 2947.051(A), a victim impact statement is prepared prior to sentencing in conjunction with either the department of probation, the court's own regular probation officer, or a victim assistance program. "A victim impact statement prepared under [R.C. 2947.051] shall be kept confidential and is not a public record as defined by [R.C. 149.43]." R.C. 2947.051(C). R.C. 2930.14(A) underscores that a victim impact statement should come prior to the imposition of sentence. Consequently, this case does not involve a victim impact statement as contemplated by Ohio law. Instead, the trial court effectively allowed Mother to make a testimonial statement at the classification hearing and then gave the parties an opportunity to question her, though both sides declined to do so. There is a general presumption that a trial judge will only consider relevant and appropriate evidence when arriving at its judgment. *See generally State v. Richey*, 64 Ohio St.3d 353, 357-358 (1992). Here, the trial court stressed that Mother's statement was of limited relevance to the underlying issue and further noted that its decision to allow the statement was motivated in part by the fact that Mother had been unable to address the court at the time of sentencing. Hassenruck has not demonstrated that the result below would have been different but for Mother's statement. Under these circumstances, where the trial court was mindful of the limited value of the statement, we cannot say that the trial court abused its discretion in permitting Mother to make a statement on the record.

{¶21} The second assignment of error is overruled.

III.

{¶22} Hassenruck's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

SCHAFER, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

JOHN F. CORRIGAN, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and LINDSEY C. POPROCKI, Assistant Prosecuting Attorney, for Appellee.