[Cite as *Doerschuk v. KLG Mobile Intensive Co., L.L.C.*, 2019-Ohio-5248.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## COLUMBIANA COUNTY

MATTHEW J. DOERSCHUK DBA
KLG AMBULANCE,

Plaintiff-Appellant,

v.

KLG MOBILE INTENSIVE CO., LLC,

Defendant-Appellee.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 18 CO 0041**

---

Civil Appeal from the
Court of Common Pleas of Columbiana County, Ohio
Case No. 2018-CV-141

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed

---

*Atty. Rhys Cartwright-Jones*, 42 North Phelps Street, Youngstown, Ohio 44503, for
Plaintiff-Appellant, and

*Atty. Gary Corroto, Atty. Maria Klutinoty Edwards*, Tzangas, Plakas, Mannos, Ltd., 220 Market Avenue South, Eighth Floor, Canton, Ohio 44702, for Defendant-Appellee.

Dated:
December 12, 2019

**DONOFRIO, J.**

{¶1}    Plaintiff-appellant, Matthew Doerschuk dba KLG Ambulance, appeals the Columbiana County Common Pleas Court's award of damages in favor of defendant-appellee, KLG Mobile Intensive Co., LLC, following a bench trial.

{¶2}    Appellee operates a medical transportation business under two trade names: KLG Ambulance and KLG MICU.  KLG stands for Karl L. Griggs (appellee's president and CEO) and MICU stands for Mobile Intensive Care Unit.  Appellant was one of appellee's employees from 2014 to 2017.  In late 2017, appellee terminated appellant's employment for what appellee alleged were various forms of misconduct.

{¶3}    Shortly after appellee terminated appellant's employment, appellant filed to register the business trade names "KLG Ambulance" and "KLG MICU" with the Ohio Secretary of State.  The Ohio Secretary of State approved both of appellant's trade name registrations.  Appellant also filed paperwork to register both of the trade names with the Internal Revenue Service and registered a website domain name using "KLG Ambulance."  On February 17, 2018, appellant sent appellee a cease and desist letter demanding that appellee immediately stop using both trade names.  Appellee ignored the cease and desist letter and continued to operate its business under both trade names.

{¶4}    On March 19, 2018, appellant, proceeding pro se, filed this action seeking an injunction to enjoin appellee from using the trade names KLG Ambulance and KLG MICU. On April 18, 2018, appellee filed an answer and counterclaim asserting six causes of action: (1) declaratory judgment that appellee owns both trade names; (2) unfair and deceptive trade practices; (3) common law unfair competition for trade name infringement; (4) common law unfair competition through malicious litigation; (5) cancellation of appellant's trade name registrations; and (6) an injunction preventing appellant from using both trade names.

**{¶5}** The matter proceeded to a bench trial on October 18, 2018. At the beginning of trial, appellee's counsel stated that they intended to focus on their unfair competition through malicious litigation claim.

**{¶6}** Relevant to this appeal, Karl Griggs testified that his attorneys informed him that their fees were estimated to reach $33,000 by the end of trial. An invoice and bills for appellee's attorney's fees were admitted into evidence.

**{¶7}** The trial court issued its final judgment entry on November 29, 2018. The trial court held that appellee has the exclusive right to use the trade names KLG Ambulance and KLG MICU and that appellant had no right to use either trade name. The trial court ruled in favor of appellee on its unfair competition and malicious litigation claims and awarded appellee compensatory damages in an amount equal to all attorney's fees and costs ($33,000) as well as punitive damages of $25,000.

**{¶8}** Appellant timely filed a notice of appeal on December 28, 2018. Appellant now raises one assignment of error.

**{¶9}** Appellant's sole assignment of error states:

> THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT AWARDED ATTORNEY FEES WITHOUT RECEIVING ANY TESTIMONY ON THE ISSUE.

**{¶10}** Appellant argues that his assignment of error is subject to an abuse of discretion standard of review because he is appealing the trial court's award of attorney's fees. But the trial court's November 29, 2018 judgment entry does not state that appellee was awarded attorney's fees. The trial court awarded appellee compensatory damages, punitive damages, and other non-monetary relief.

**{¶11}** The award of compensatory and punitive damages following a bench trial is subject to a manifest weight review. *Bosak v. Kalmer*, 7th Dist. Carroll No. 01 CA 18, 2002-Ohio-3463, ¶ 36. Appellate review of the manifest weight of the evidence in a civil case is much more deferential to the trial court than in a criminal case. *State v. Wilson*, 113 Ohio St.3d 382, 865 N.E.2d 1264, 2007–Ohio–2202, ¶ 26. Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence.

*Id.* at ¶ 24, 865 N.E.2d 1264, citing *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978). In conducting a manifest weight of the evidence review, the reviewing court weighs the evidence and all reasonable inferences to be drawn therefrom, considers the credibility of witnesses, and determines whether in resolving evidentiary conflicts, the fact-finder clearly lost its way and created such a manifest miscarriage of justice. *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997).

**{¶12}** The reviewing court is obliged to presume that the findings of the trier of fact are correct. *Wilson* at ¶ 26 citing *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St .3d 77, 80–81, 461 N.E.2d 1273 (1984). This presumption arises in part because the factfinder occupies the best position to watch the witnesses and observe their demeanor, gestures, eye movements, and voice inflections and to utilize these observations in weighing credibility. *Id.* "A reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not." *Id.*

**{¶13}** Appellant argues that the trial court was required to perform what is known as the lodestar analysis prior to awarding attorney's fees to appellee. The lodestar analysis involves multiplying the number of hours reasonably worked by a reasonable hourly rate to arrive at an estimate of the value of an attorney's services. *Bigler v. Personal Serv. Ins. Co.*, 7th Dist. Belmont No. 12 BE 10, 2014-Ohio-1467, ¶ 194.

**{¶14}** As previously stated, the trial court did not award appellee attorney's fees. The trial court awarded appellee compensatory damages in the amount of attorney's fees. The Ohio Supreme Court has held that attorney's fees may be awarded as an element of compensatory damages where punitive damages are also awarded. *Zoppo v. Homestead Ins. Co.*, 71 Ohio St.3d 552, 558, 644 N.E.2d 397 (1994). Appellant is not appealing the trial court's award of punitive damages.

**{¶15}** At trial, Karl Griggs testified that as of that morning, his attorney's fees in this case were approximately $25,000. (Tr. 59). He also testified his attorneys estimated that their fees would reach $33,000 by the conclusion of the trial. (Tr. 59). Griggs also understood that his attorney's fees would increase if there were any post-trial matters that needed to be addressed. (Tr. 59-60).

{¶16} Appellee also admitted its bills for its attorney's fees into evidence at trial as Exhibit 14. Exhibit 14 contains three documents: a "matter history report" and two "pre-bills." The "matter history report" is dated October 3, 2018 (15 days prior to trial) and states that the total amount of attorney's fees at the time was $17,899.12. The first "pre-bill" is also dated October 3, 2018 and states that total amount due on that bill is $4,504.66. The second "pre-bill" is dated October 17, 2018 and states that the total amount due on that bill is $10,091.09. Both "pre-bills" state that the total amount of attorney's fees billed to date is $17,682.00. Appellant did not present any evidence to dispute appellee's attorney's fees.

{¶17} Because there is competent and credible evidence supporting the trial court's award of compensatory damages, those compensatory damages are not against the manifest weight of the evidence.

{¶18} Accordingly, appellant's sole assignment of error is without merit and is overruled

{¶19} For the reasons stated above, the trial court's judgment is hereby affirmed.

Waite, P. J., concurs.
Robb, J., concurs.

Case No. 18 CO 0041

---

For the reasons stated in the Opinion rendered herein, the sole assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Columbiana County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**