[Cite as *State v. Janson*, 2023-Ohio-3125.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NO. 2023-A-0007** |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| JOSEPH R. JANSON, | |
| Defendant-Appellant. | Trial Court No. 2022 CR 0390 |

**O P I N I O N**

Decided: September 5, 2023
Judgment: Affirmed

*Colleen M. O'Toole*, Ashtabula County Prosecutor, and *Daniel F. Maynard*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Margaret Brunarski*, Ashtabula County Public Defender, and *Michael J. Ledenko and Jeffrey R. Davis,* Assistant Public Defenders, 22 East Jefferson Street, Jefferson, OH 44047 (For Defendant-Appellant).

ROBERT J. PATTON, J.

{¶1}   Appellant, Joseph R. Janson ("Mr. Janson"), appeals his conviction for aggravated trafficking of drugs, a second-degree felony, in violation of R.C. 2925.03(A)(2) and (C)(1)(d), following a jury trial in the Ashtabula County Court of Common Pleas. At issue is whether Janson's conviction is against the manifest weight of the evidence.

{¶2}   On December 20, 2021, between 1:30 and 2:00 a.m., Patrolman Aaron McCracken of the Ashtabula City Police Department initiated the traffic stop of a Ford Mustang for a nonworking license plate light. Officer McCracken had previously observed

the vehicle and two individuals inside of it parked for approximately forty minutes at a gas station in what he testified to be a "high narcotics trafficking area." After initiating the stop, the vehicle did not immediately stop, but continued for several blocks, turning down a side street and into a private drive. When the vehicle did eventually stop, Officer McCracken called for back-up.

{¶3} While waiting for back-up to arrive, Officer McCracken observed the occupants of the vehicle moving around inside and could see arms "reaching around." Once back-up arrived, Officer McCracken ordered the driver, Mr. Janson, out of the vehicle and detained him, and Officer Mark Allen, who had arrived on the scene, removed the passenger, Steven Smith ("Mr. Smith"), from the vehicle. In plain view, officers found what was identified as a meth pipe on the passenger seat of the car. On Mr. Smith's person, officers found a couple of baggies containing suspected drug residue and a small amount of unidentified pills. Additionally, after a search inside the vehicle, a box containing two baggies of methamphetamine in the center console, along with another baggie of suspected heroin, a small baggie of marijuana, a glass smoking pipe, and a scale were discovered. A box found behind the driver's seat contained a small bag of hallucinogenic mushrooms and more than 70 new small plastic Ziploc baggies. The baggies of methamphetamine found in the vehicle were tested by the Ohio Attorney General's Bureau of Criminal Investigation and came back at a combined weight of approximately 19.59 grams. The mushrooms found in the vehicle were tested and came back as psilocin, at a weight of approximately 2.44 grams.

{¶4} Mr. Janson was indicted for aggravated trafficking in drugs, a felony of the second-degree, in violation of R.C. 2925.03(A)(2) and (C)(1)(d), and aggravated

2

possession of drugs, a felony of the fifth-degree, in violation of R.C. 2925.11(A), and (C)(1)(a). Mr. Janson's case was tried to a jury on December 12, 2022. After a one-and-a-half day trial, Mr. Janson was convicted of aggravated trafficking in drugs and acquitted of aggravated possession of drugs.

{¶5} Mr. Janson appeals and raises the following assignment of error: "the trial court erred to the prejudice of the [a]ppellant when it returned a verdict of guilty of aggravated trafficking in drugs against the manifest weight of the evidence."

{¶6} "[W]eight of the evidence addresses the evidence's effect of inducing belief." *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶ 25. "In other words, a reviewing court asks whose evidence is more persuasive—the state's or the defendant's?" *Id.* "'The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury [or trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997), quoting *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶7} "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." *Id.*, quoting *Tibbs v. Florida*, 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1981). "'The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'" *Id.*, quoting *Martin* at

3

175. The vehicle driven by Mr. Janson was earlier determined to be registered to his father, and none of the items found in the vehicle were tested for fingerprints or DNA.

{¶8} Mr. Janson was convicted of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(2) and (C)(1)(d).

{¶9} R.C. 2925.03(A)(2) provides:

> No person shall knowingly * * * [p]repare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance or a controlled substance analog, when the offender knows or has reasonable cause to believe that the controlled substance or a controlled substance analog is intended for sale or resale by the offender or another person."

{¶10} R.C. 2901.22(B) provides:

> (B) A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist. When knowledge of the existence of a particular fact is an element of an offense, such knowledge is established if a person subjectively believes that there is a high probability of its existence and fails to make inquiry or acts with a conscious purpose to avoid learning the fact.

{¶11} In support of his argument, Mr. Janson notes that his passenger, Mr. Smith, spent time alone in the vehicle while the police officer's attention was focused on Mr. Janson. During that time Mr. Smith had access to the center console of the vehicle where methamphetamine and a scale were found and to the area in the back of the vehicle behind the driver's seat where the psilocin and small baggies were found. Mr. Janson contends that the narcotics found within the vehicle belonged to Mr. Smith and not to Mr. Janson and notes that no contraband was found on Mr. Janson's person, while Mr. Smith had several empty baggies with suspected drug residue on them and a small quantity of

4

unidentified pills on his person. Officer McCracken testified that the box containing methamphetamine appeared to have been placed in the console last atop other items in the center console. Mr. Janson argues that the evidence presented at trial did not support the "knowingly" mental state required for conviction and defined under R.C. 2901.22(B), which states, in relevant part, "knowledge is established if a person subjectively believes that there is a high probability of its existence and fails to make inquiry or acts with a conscious purpose to avoid learning the fact." Mr. Janson notes that Mr. Smith was called to testify twice but failed to appear as a witness. Further, Mr. Janson argues that considering Mr. Smith's time alone in the car, the items found on Mr. Smith's person, and the fact that none of the items found in the vehicle were fingerprinted or tested for DNA, his conviction was against the manifest weight of the evidence.

{¶12} In reviewing the record, Mr. Janson's conviction was not against the manifest weight of the evidence.

{¶13} Mr. Janson was the one in physical control of the vehicle. While in physical control of the vehicle, Mr. Janson was observed for 40 minutes prior to initiating the stop in what was testified to be a known narcotics trafficking area. When Officer McCracken initiated the traffic stop, Mr. Janson did not stop the vehicle, but instead continued on for several blocks, turning down a side street, and then into a private drive. Mr. Janson remained in control of the vehicle until additional officers arrived. Mr. Janson was removed from the vehicle first, leaving Mr. Smith alone in the vehicle for what Officer McCracken testified to be for "about thirty seconds." The testimony of Officer McCracken and Officer Allen, both who were subject to cross examination, was presented at trial. According to that testimony, Mr. Janson had the greatest control and dominion over the

5

vehicle and the items within it for all but approximately thirty seconds before Mr. Smith was removed from the vehicle. The Court notes that both officers testified that they decided on scene, not to arrest Mr. Smith. Further, these arguments were presented at trial before the jury, and deference must be given to their determination of the credibility of the witnesses and evidence presented. The jury did not clearly lose its way or create a manifest miscarriage of justice.

{¶14} For the foregoing reasons, the judgment of the Ashtabula County Court of Common Pleas is affirmed.

JOHN J. EKLUND, P.J.,

EUGENE A. LUCCI, J.,

concur.